[No. 2,957.]

## JAMES L. KING v. PETER CONNOLLY.

NOTICE TO TENANT AT WILL TO SURRENDER PREMISES.—If the notice to a tenant at will, requiring him to surrender the premises, given under the Act of 1861, describe the premises demanded with sufficient certainty, so that the tenant is not misled thereby, it is sufficient, even though there are misdates in the description.

APPEAL from the County Court of the City and County of San Francisco.

Action of unlawful detainer brought against the defendant for holding over. The plaintiff appealed.

The other facts are stated in the opinion.

*E. A. Lawrence* and *W. W. Crane,* for Appellant.

The question is, " Was the tenant misled by the notice as to whether he was required to surrender the whole or only part of the premises?" (*Congdon* v. *Brown,* 7 R. I. 19; Taylor's "Landlord and Tenant," Sec. 483; *Doe* v. *Archer,* 14 East. Rep. 245.)

*Jarboe, Harrison & Robinson*, for Respondent.

The notice was properly excluded by the Court. It was a demand for possession of only a part of the demised premises. Such demand is inoperative. (Taylor's L. and T., Sec. 483.) The demand must be as extensive as the lease.

The cases cited by appellant, as to the misleading of the tenant, have no application, for in all of these cases the demand was for all of the demised premises; but there was a misdescription of the same. Here, however, the lease is for one hundred and forty feet on Market street, while the demand is for only one hundred and thirty feet on Market street. The plaintiff has no right to sever his right of action, or to split up the lot into fractions, to suit his caprice.

By the Court, WALLACE, C. J.:

The plaintiff was nonsuited, the notice given by him to the defendant to determine the tenancy having been excluded.

The action was brought in the County Court by the plaintiff, who had leased the premises to the defendant, to hold at the will of the plaintiff.

The premises are described in the complaint as "being part of Mission Block, No. 24, commencing at the junction of Market and Guerrero streets; thence running southwesterly along Market street one hundred and forty (140) feet; thence easterly, and parallel to Ridley street, to the westerly line of Guerrero street; thence northerly along the westerly line of Guerrero street one hundred and forty (140) feet, to the point of beginning," etc.

The statute (of 1861, p. 514,) provides that where there is a tenancy at will it "may be terminated by the landlord

giving one month's notice, in writing, to the tenant, requiring him to remove from the premises."

The notice to quit was served upon the defendant more than one month before the commencement of the action. In this notice the premises were designated as follows: "Those certain premises now held by you, under lease from me, and being part of Mission Block, No. 24, of the City and County of San Francisco, and described as follows: Beginning at the junction of Market and Guerrero streets, and thence running southwesterly along Market street one hundred and thirty feet; thence easterly to Guerrero street, and thence northerly along the westerly line of Guerrero street one hundred and thirty feet, more or less, to point of commencement," etc.

This notice was excluded by the Court, on the ground that it did not require a surrender of the whole of the premises, and did not describe the premises alleged by the plaintiff to have been demised to the defendant.

It does not appear that the defendant held of the plaintiff any premises in the City and County of San Francisco other than those which are a part of Mission Block, No. 24. These premises extend one hundred and forty feet upon Market street, and the like distance upon Guerrero street. In the notice they are correctly described as included in Mission Block, No. 24, and as lying upon Guerrero and Market streets. They are, however, inexactly stated in the notice to run along Market street one hundred and thirty feet, and along Guerrero street *one hundred and thirty feet, more or less.* The only question is as to whether or not the notice effected the purpose for which it was intended. Was the defendant misled by its inexactness in the particular mentioned? We think that it cannot be said that he was. Though the length of the lot upon one street was erroneously given, and upon the other street was only approximately stated, the notice, nevertheless, indicated with reasonable

certainty, and to a certainty easily intelligible to the defendant, that the premises now sued for were the premises therein demanded of him; and for the error in excluding the notice at the trial the judgment must be reversed, and the cause remanded for a new trial; and it is so ordered.

Mr. Justice RHODES did not express an opinion.