PATRICK J. GRANT, PLAINTIFF IN ERROR, v. ALONZO D. MARSHALL, DEFENDANT IN ERROR.

Forcible entry and detention. In an action of forcible entry and detention the notice to quit, and complaint, must particularly describe the premises, for the possession of which the action is

brought; but if they fail to do so, and the description given include the premises in controversy, and no objection is made to the form of either in the trial court, it will be waived.

REHEARING of case, 11 Neb., 265.

*Crooker & Chapin,* for plaintiff in error.

*A. J. Sawyer,* for defendant in error.

MAXWELL, J.

An opinion affirming the judgment of the court below, in this case, is reported in 11 Neb., 265. Afterwards, on the motion of the plaintiff's attorneys, a rehearing was granted, and the case has been very carefully and critically examined.

The action is for the forcible detention of certain premises, after the expiration of the lease, and the principal ground of objection is that neither the complaint nor the notice to quit specifically described the premises in controversy. The complaint is to recover lot 15, in block 42, in the city of Lincoln, and the notice to quit is in the same form. It is claimed on behalf of the plaintiff in error, that he was in possession of only a small portion of the premises, to-wit: a small room in the basement. No defense of that kind was interposed before the justice, nor was there any objection made to the introduction of the notice to quit on the trial. The complaint and the notice to quit must particularly describe the premises, the possession of which is sought to be recovered, as otherwise, in case of a judgment for the plaintiff, the officer with a writ of restitution would have nothing to guide him in the performance of his duty. Besides, the defendant might be charged with detention of premises not in his possession and made liable for the rent of the same, unless a particular description of the premises is given. And where objection is made on that ground, there must be a particular description in every case, to entitle the

plaintiff to recover. But where the complaint and notice to quit include the premises in controversy, and also include premises not in the possession of the defendant, the objection must be made in some way before the trial court, and cannot be made for the first time in this court. No action can be maintained under our statute until after the notice to quit has been given. If the notice includes the premises in controversy, but does not specifically describe them, objection must be made on that ground, otherwise it is waived. So of the other objections; they were not brought to the attention of the trial court, and therefore cannot be considered here. No judgment is sought against the plaintiff for rent, so that he loses nothing on that ground from the form of the action. It is perhaps but justice to say, that the attorneys for the plaintiff in error do not appear to have managed the case before the justice.

There is no error in the record that can be considered by this court, and the judgment is affirmed.

JUDGMENT AFFIRMED.