JOHN E. DIMMETT, PLAINTIFF IN ERROR, V. JOHN G. M. APPLETON, DEFENDANT IN ERROR.

Forcible Entry and Detention :   NOTICE TO QUIT.   In action of forcible entry or detention of real property, the notice to quit should particularly describe the premises, the possession of which is desired; but substantial accuracy is all that is required. Hence, where the occupancy of a tenant covered and included all of the real estate described in the notice, a part of one story of the building being held by others, such notice was *Held*, sufficient.

Error to the district court for Otoe county.   Tried below before HAYWARD, J.

*John C. Watson* and *Charles W. Seymour*, for plaintiff in error, cited:   *Nason v. Best.* 17 Kan., 408.    *Grant v. Marshall*, 12 Neb., 488.

*S. H. Calhoun*, for defendant in error, cited : Sedgwick & Wait, Trial of Little, §§ 401–403.   Wade on Notice, §§ 636–638.    *Miller v. Hurford*, 13 Neb., 23.

REESE, J.

This was an action of forcible detention of real property. The suit was commenced before a justice of the peace, where judgment was rendered in favor of the defendant in error, who was plaintiff in the action. Plaintiff in error, defendant there, appealed to the district court, where the cause was tried to a jury, who also returned a verdict in favor of defendant in error, and upon which a judgment was rendered. Plaintiff in error now seeks a review by proceedings in error.

The one controlling question in the case is as to the sufficiency of the notice to quit which was served upon plaintiff in error prior to the commencement of the suit before the justice of the peace. It is as follows:

" *To John Dimmett:*

"SIR—You are hereby notified to quit the following described premises, to-wit: Lots seven (7) and eight (8), in block ten (10), as designated in the recorded plat of Nebraska City, Otoe county, Nebraska, and to surrender the possession thereof within three days of the service of this notice, under penalty of the law.

"Nebraska City, Neb., June 11, 1885.

"J. G. M. APPLETON.

"By S. H. CALHOUN, *Attorney.*"

The admission of the notice in evidence was objected to by plaintiff in error, the objection being "because it does not particularly or sufficiently or specifically describe the premises the possession of which is sought to be recovered, and is incompetent, immaterial, and irrelevant," etc. The objection was overruled and the notice admitted.

The testimony showed that the property the possession of which was sought was a hotel known as the Grand Central hotel, consisting of the two upper stories of the

building on said .lots, and the stairway and back yards, etc., appertaining thereto.  Or, in other words, the whole building situated on the two lots, with all yards, cisterns, wells, etc., except four stores which are on the first or ground floor, and under a part of the hotel proper—one of them extending back the whole depth of the building, the others not.  These store rooms were occupied by other parties, tenants of defendant in error, and not leased by plaintiff in error.  That part of the objection relied upon is, that the notice did not particularly and specifically describe the premises in dispute, in that it did not specify that possession was required of the hotel property—or, rather, that part used as such—excluding the four stores referred to.

In support of this objection, *Grant v. Marshall*, 12 Neb., 488, is cited, and to some extent relied upon.  We are satisfied with the rule laid down in that case and approve what is there said, but we do not think that the holding of the district court is in conflict with it.  In that case the property in dispute was described in the notice as a certain lot in the city of Lincoln, while in fact the tenant occupied only one room in the basement of what was known as "Union Block" thereon, in which were rooms rented for offices, etc., occupied by various persons ; the occupancy of the tenant being confined to the one room.  The court very properly held that the notice was deficient and that it should contain a specific description of the premises.

In the case at bar the property occupied by plaintiff in error consisted of the whole of the surface of the two lots ; as well the whole area covered by the building, as all of that part upon which the building did not stand, and which was used in connection with the hotel, excepting that part of one story which was used as stores.

While accuracy in the description of property in the notice is required, yet, as in all cases of the kind requiring notice, what is required is substantial and not technical accuracy; the law will not regard mistakes which do

not tend to mislead the party notified. Wade on Notice, sec. 638. *King v. Connolly.* 44 Cal., 236. *Congdon v. Brown,* 7 R. I., 19. Taylor's Landlord and Tenant, sec. 483.

There was no part of the property described in the notice over which plaintiff in error did not in part hold possession. He occupied it all. This occupancy was not to the exclusion of others to certain parts of one of the stories of the building, but it was to the exclusion of all in the other stories. It would have been more definite, perhaps, and confessedly more skillful, in the writer of the notice, to have described the property, as in the petition, as that portion of the building known as the Grand Central Hotel, etc., including all of the lots, but such description was not essential to the validity of the notice.

Other objections are suggested in the brief of plaintiff in error, but as they are not and could not be relied upon, they need not be referred to.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

The other judges concur.