City of Syracuse v. Reed.

---

THE CITY OF SYRACUSE v. W. F. REED & CO.

1. CITY BONDS — *Compensation for Selling — Allowance.* Where funds derived from the sale of bonds of a city of the third class are received, either by the city treasurer or other person acting in behalf of the city, the entire amount should on demand be paid into the city treasury. Such persons cannot fix their own compensation for services in respect to such funds, or withhold a part of the proceeds as compensation for their services ; but any such claim must be presented to the city council in writing, and allowed in the manner prescribed by statute.

2. ————— *Demurrer to Evidence — Effect.* A demurrer to the evidence admits not only the truth of the facts directly proven by the plaintiff, but also all that may fairly be inferred from those facts; and in the present case the plaintiff's testimony is deemed sufficient to show a liability against the defendants, and to resist their demurrer.

*Error from Hamilton District Court.*

THE opinion states the facts. Judgment for defendants, *Reed & Co.*, at the January term, 1889. The plaintiff *City* brings the case to this court.

*A. A. Howell*, city attorney, and *George Getty*, for plaintiff in error.

*S. M. Tucker*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The city of Syracuse brought an action against W. F. Reed & Co. to recover $218.79. It was alleged that the defendants received from N. W. Harris & Co., of Chicago, $8,360, which was the proceeds of certain bonds of the city of Syracuse that had been sold in Chicago, and that the defendants had paid over only the sum of $8,141.02, and had refused to pay to the city the balance of the amount received, although payment thereof had been demanded. In the answer it was admitted that Syracuse was a city of the third class, and that the defendants were a co-partnership; but the further allegations of the petition were denied. A jury was waived, and the cause was submitted to the court for trial. After testimony had been introduced by the city, the court sustained defendants' demurrer to the evidence and gave judgment in their favor.

The plaintiff complains of this ruling, and the question before us is, whether the testimony offered, although it may be weak and inconclusive, tends to prove all material facts in issue. A demurrer to the evidence admits, not only the truth of the facts directly proved by the plaintiff, but also all that may be fairly inferred from them; and, unless the plaintiff has utterly failed to prove its case, or some material fact in issue in the case, the demurrer cannot be rightly sustained. (*Railroad Co. v. Foster*, 39 Kas. 329, and cases cited.) Governed by these rules, which are well settled, we think the demurrer in the present case should have been overruled. Looking at the testimony in the light most favorable to the plaintiff, it appears that W. F. Reed was city treasurer of Syracuse, and while he was the incumbent of that office the bonds mentioned were executed and placed in his custody as city treasurer. Guy & Son negotiated the sale of the bonds

in Chicago, where they were forwarded by the city treasurer; but before the sale was effected Reed was superseded, and Frank Bentley was appointed as his successor. About a week after Reed surrendered the office to Bentley, the bonds were sold, and the proceeds placed in a Chicago bank to the credit of Reed, who had transmitted the bonds there. He paid Guy & Son a commission for the negotiation of the bonds, and for compensation and to reimburse himself for the commission paid to Guy & Son, he retained 3 per cent. of the proceeds, paying the balance to the city treasurer. The amount so retained was $218.79, and this sum the city seeks to recover. While the salary or compensation of Reed as city treasurer is not shown, it does appear that his claim for salary or compensation was never acted upon nor allowed by the city council. The proceeds of the bonds belonged to the city, and neither Reed nor W. F. Reed & Co. were authorized to retain any part of the same.

It appears that W. F. Reed & Co. are bankers, and it is stated that they received the money as bankers; but, so far as the record shows, neither Reed nor his firm was employed by the city to negotiate a sale of the bonds or to employ others to make such sale. This work was done by Guy & Son, who claim that they represented the city in the transaction. When the funds derived from the sale of the bonds were received by the bank, W. F. Reed & Co. should have turned them over to the city, and presented any claim for commission or compensation to the city council to which they might be entitled. It may be that some portion of the salary of W. F. Reed remains unpaid, or it may be that some compensation is due to the firm for services in regard to the negotiation of the bonds or the receipt and payment of the proceeds of the sale after W. F. Reed ceased to be treasurer; but if Reed or his firm has any such claim against the city, it must be presented in writing, and allowed in the manner prescribed by the statute. (Gen. Stat. of 1889, ¶¶ 967, 971.) They cannot fix their own compensation and appropriate the city funds in payment of the same, simply because funds of the city hap-

pen to be in their hands.   If anything is due to them, it must be obtained in the manner pointed out by the statute.

The fact that Reed had charged himself as treasurer upon the books of the city with the amount derived from the sale of the bonds will not affect his right to compensation, nor the correctness of the ruling of the court upon the demurrer.   The claim for compensation must in any event be presented to the city council, and the mayor and council alone can appropriate the funds of the city to the payment of such a claim.   Under the rule which governs us in considering a demurrer to the evidence, we think a *prima facie* showing of liability on the part of the defendants had been made, and that the demurrer to the evidence should have been overruled.   The judgment of the district court will, therefore, be reversed, and the cause remanded for another trial.

All the Justices concurring.