## SEELEY V. ADAMSON.

*[Opinion filed April 4, 1891.]*

1. FORCIBLE ENTRY AND DETAINER—*Pleading and Proof—Variance*—
Where the petition in forcible entry and detainer asks the recovery of possession of a whole quarter section, and the proof shows the plaintiff to be in possession of a very small part of it, the variance is immaterial.

*Error to the District Court of Logan County, Hon. E. B. Green, Judge.*

*H. S. Cunningham*, for plaintiff in error.

*Williamson & Seeley*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This action was brought in the county court of Logan county, by Maggie Seeley to recover from the defendant the possession of the S. E. $\frac{1}{4}$ of sec. 28, in tp. 15, N. of range 3, W., in said county.

On the trial in the county court, it appeared that the

plaintiff had a certificate of entry of said land, that the plaintiff had served upon the defendant notice to quit said land, that the plaintiff had erected on the S. W. corner of said land a house 10x12 feet and that she had erected a barbed wire fence on the north, east and west lines of said land, that subsequently the defendant broke down said fence and entered upon said land and built a house, and fenced 35 or 40 acres of said land, and cut hay on the other portions, and. has occupied the same ever since.

On motion of the defendant the action was dismissed by the county court, at the costs of the plaintiff, because of a variance between the evidence, and the petition, in this that the plaintiff occupies a part of said one hundred and sixty acres, 10x12 feet in the extreme south-west corner; to which judgment the plaintiff excepted.

On petition in error in the district court, the judge of the First district reversed the judgment of the county court and ordered the said cause to be retained for trial, to which the defendant excepted. The case now comes to this court on petition in error.

In this court it is argued that the district court could not reverse the judgment, because the bill of exceptions from the county court contains the following statement, to-wit:

" The land described in the notice and petition was the S. E. ¼ of sec. 28. tp. 15, N. range 3 W., and the evidence showed that the plaintiff held a certificate of entry issued by the United States land office at Guthrie under date of June 7, 1889, and in August, 1889, erected a house on the S. W. corner, 10x12 feet in size, and that she had erected a barbed wire fence on the north east and west lines of said quarter, and the defendant on or about October 6, 1889, took down the wire by pulling out the staples, and entered upon said land, built himself a house, fenced in thirty-five or forty acres of said quarter, cut hay on other portions, and has

occupied the same ever since.    The motion of the de-
fendant was sustained upon the ground that the evi-
dence showed that the plaintiff occupied the said 10x12
feet of said quarter, in the extreme southwest corner,
and the case was dismissed and judgment rendered
against the plaintiff for costs; to the sustaining of which
motion and dismissal of said action and rendition of said
judgment the plaintiff at the time excepted."

After judgment reversing the judgment of the county
court the defendant, John Q. Adamson, moved the·
court to grant a new trial and dismiss the action, which
motion was overruled.

John Q. Adamson thereupon brought this case to this·
court and alleged the following errors:

" 1.    In finding that the notice aforesaid was suffi-·
cient.

" 2.    In finding that there was no variance between
the proof and the notice.

" 3.    And generally because the court had not before·
it, the testimony on which the county court acted."

In the court below, no objections were made to the·
sufficiency of the bill of exceptions.    The insufficiency
of the description of the land, in the notice and in the
complaint were relied upon, it being conceded in the
argument that the plaintiff, Maggie Seeley, was in pos-
session only, of a tract 10x12 feet square, in one corner
of the 160 acre tract, the defendant in the occupancy of
the remainder, and, these facts appear from the bill of
exceptions.

It is not necessary that testimony should always be
set out in the language of the witness.    From the bill
of exceptions the facts appear, and no amount of ver-
biage or quotations could make them more definite.

The real question is, was there such a variance as to
make the proceedings void?

In *Dimmitt v. Appleton*, 20th Nebraska, 208, Dim-
mit was notified to quit certain lots and to surrender the·
possession thereof within three days.

It was objected to because it did not particularly describe the premises the possession of which was sought to be recovered.

The testimony showed the property the possession of which was sought to be recovered was a hotel "consisting of the upper stories of the building on said lots and the stairway and back-yards appertaining thereto, wells, cisterns, etc., being all of the buildings and premises except one store on the ground floor occupied by tenants of Appleton." The notice did not describe particularly the premises sought to be recovered, but the whole premises.

The court held that while accuracy in the description of the property in the notice is required, yet as in all cases of the kind requiring notice, what is required is substantial and not technical accuracy. The law will not regard mistakes which do not mislead the party notified.

Mr. Adamson could not be misled by the description in this case. Had he surrendered the posession of what he held, then Maggie Seeley would have had all that the notice called for.

In the case of *Dimmitt v. Appleton* the tenants of Appleton had posession of about a quarter of the premises; whereas in this case Maggie Seeley had possession of less than one 58,000th part.

The law does not take notice of such small matters.

The judgment of the district court is affirmed with costs.