SAMUEL BEACH, Appellant, v. ALBERT HECK, *et al.*, Respondents.

Kansas City Court of Appeals, November 6, 1893.

1. **Unlawful Detainer**: DEMAND: WHEN QUESTION FOR JURY. In an action of unlawful detainer, plaintiff offered a written demand, which showed on its face an alteration in the description of the land in

question and an issue was made on the evidence, whether the alteration was made before or after service. *Held,* such issue was a question for the jury and not for the court.

2. ———: DEMAND: WRONG IN PART, RIGHT IN PART. A demand in unlawful detainer wrong in the description of some of the tracts of land, and right in others, is sufficient for those tracts which are covered by both the complaint and the demand.

*Appeal from the Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Tyson S. Dines, Morton Jourdan* for appellant.

I. The affidavit of William Griffin, the party who served the written demand, was of itself sufficient to establish a *prima facie* proof of service. Revised Statutes, 1889, sec. 5124. (2) While this *prima facie* proof could have been rebutted by evidence showing it was untrue, or that written demand for this identical land had not in fact been made of the defendants, the evidence should have all gone to the jury. *Herriman v. Railroad,* 27 Mo. App. 443; *Wood v. Ins. Co.,* 50 Mo. 112; *Wilson v. Board of Education,* 63 Mo. 136; *Dowling v. Allen,* 74 Mo. 13; *Wells v. Lea,* 20 Mo. App. 352; *Barclay v. Bates,* 2 Mo. App. 143; *Noeninger, v. Vogt,* 88 Mo. 589; *Fisher v. Railroad,* 23 Mo. App. 201; *Bruik v. Railroad,* 17 Mo. App. 177; *Jackson v. Ins. Co.,* 27 Mo. App. 73; *Wilkerson v. Railroad,* 26 Mo. App. 154. (3) Had the change been made in the written demand as contended by respondents, it was still correct as to one tract of the land, and plaintiff should have been permitted to go to the jury as to that tract.

*Musser & Sasse* for respondents.

ELLISON J.—This is an action of unlawful detainer. The judgment below was for defendants and plaintiff appeals. The land claimed by plaintiff is two 80-acre tracts, viz: S. 1-2 S.-W. 1-4 sec. 10, and N. 1-2 N.-W. 1-4 sec. 15, all in Twp. 53, R. 20, Carroll Co., Mo.

I. The cause was taken by *certiorari* to the circuit court. There plaintiff discovered that he had mis-described the land he was claiming; that he had erroneously described both tracts as in section 10, when he should have described the N. 1-2 N.-W. 1-4 as in section 15. He was permitted to amend his complaint in this respect without objection being made and the cause was continued. At the trial at a succeeding term plaintiff undertook to prove his written demand of possession as is required by statute in such case, by introducing a paper describing the land as he claims it in his testimony and as it is described in the amended complaint. But this paper, as originally written, also put both tracts in section 10, thus corresponding with the complaint as it stood before amendment. The paper had, however, been altered, as it showed upon its face and made to correspond in description with the complaint as amended, that is, placing one of the tracts in section 15. A contest here arose between the parties, before the court, on objection made to the paper by defendants, as to whether the change had been made in the paper before or since the service of a copy thereof on the defendants. Plaintiff offered evidence to show that the change was made before service and that the copy served on defendants contained the exact description now in the copy sought to be introduced. The defendant offered evidence tending to show the contrary. The court held that there was no demand that the change in the paper offered had been made since

the service on defendant; that the copy served on defendants located both tracts in section 10, as the complaint had located them before amendment.

The plaintiff made the point in the court below, that the question thus raised was one for the jury and not the court. That the question whether the paper served upon defendants was a copy of the demand paper he sought to introduce was an issue on the matter of demand which arises in such cases and that it was a question of fact for the jury. We are of this opinion. If it was established as a fact that the paper served upon defendant was not a copy of the paper sought to be introduced at the trial, then there was no demand as required by statute. If, on the contrary, the paper served was a copy of that produced at the trial, then there was a demand. The question whether there has been a demand made is a fact for the jury to determine. It must be borne in mind that there was no question raised as to the sufficiency of the paper *per se* which was sought to be introduced. There was no point of objection made as to any inherent defect in the paper. Nor as to its sufficiency as a notice, provided a copy of it had been served on defendants. It thus was a mere question of fact arising out of one of the issues in the case and should have been submitted to the jury.

II. On this issue, precipitated by the attack which defendants make on the notice and within the limits of the objections, as made, we are of the opinion that if it should be found as a fact that the copy served upon defendants placed both tracts in section 10, when only one of the tracts which plaintiff is claiming is in that section, that he may recover for that tract; since his demand covers it. The fact that one sues for several specific, defined tracts in his complaint and makes demand for certain specific tracts, some of which are in his complaint and some not, ought not to debar

him from recovering those which are covered by both his complaint *and* demand.

The judgment will be reversed and the cause remanded. All concur.