THE CITY OF SYRACUSE v. W. F. REED AND DARIUS REED, *a Copartnership*.

No. 90.

PLEADINGS—*party is bound by his allegations in his.* A party is bound by the allegations of his pleadings, and is not entitled to recover a judgment against one of two defendants as a city treasurer, when the petition alleges that the defendants are jointly indebted to plaintiff as a banking firm, but must recover against both defendants or wholly fail in the action; and it was proper for the trial court to so instruct the jury.

Error from Hamilton District Court. Hon. A. J. Abbot, Judge. Opinion filed June 18, 1897. *Affirmed.*

*A. A. Howell*, City Attorney, for plaintiff in error.
*H. F. Mason*, for defendants in error.

MILTON, J. The City of Syracuse brought this action against W. F. Reed & Co. to recover $218.79.

CITY OF SYRACUSE v. REED.          807

June 18, 1897.          Opinion.   Milton, J.          W. Div.

The petition alleged that defendants were a partnership, engaged in the banking business in Syracuse, Kan., and that on May 10, 1888, said defendants, *as bankers,* received from N. W. Harris & Co., of Chicago, $8,360, which was the proceeds of certain bonds of the City of Syracuse that had been sold in Chicago, and that the defendants had paid over only the sum of $8,141.02, and had refused to pay the City the balance of the amount received, although payment thereof had been demanded.   The answer admitted that Syracuse was a city of the third class and that the defendants were a copartnership, and denied generally the further allegations of the petition.  Verdict by a jury and judgment by the court were rendered for the defendants.   To reverse this judgment these proceedings in error are brought by the City.   It appears that one thousand dollars of these bonds belonged to a private party, to whom they had already been delivered, and that Guy & Son, of Syracuse, had undertaken to sell the bonds for the City and for this person, The city council had agreed to pay Guy & Son one and one-half per cent. for such sale.   In April, 1888, W. F. Reed, one of the defendants, was treasurer of said City, and one Bentley having been appointed as his successor qualified as treasurer on May 2, 1888. During said month of April, Guy & Son sold the bonds to N. W. Harris & Co., and the transaction was fully completed on the part of said City by April 25. Harris & Co. sent Guy & Son a draft drawn against themselves for the proceeds of the bonds, which draft was to be signed by the city treasurer and forwarded for collection.   The treasurer thereupon forwarded the bonds to Harris & Co. and drew the draft upon them, and subsequently said draft was paid by Harris & Co.   When this draft was paid the amount was

placed in the First National Bank of Chicago. There is a conflict in the evidence as to whether it was placed to the credit of the defendants as a banking firm or to the credit of W. F. Reed as treasurer of said City, but the preponderance of the evidence is in favor of the latter conclusion. No demand was ever made of the firm for the amount sued for, although a demand was made for its payment, by W. F. Reed's successor upon him as ex-treasurer. The evidence does not clearly show when the deposit in the Chicago bank was made, and the jury might have legitimately inferred from the whole evidence that it was made before Bentley qualified as treasurer. Under an ordinance of the City of Syracuse the treasurer was entitled to three per cent. of the money received by him, as compensation for his services, and W. F. Reed claimed that the amount sued for herein was retained by him under the terms of this ordinance.

It was proven that Guy & Son were paid by Mr. Reed the amount of commission which the council had agreed to pay them for the sale of the bonds, and that the amount sued for in this action includes the sum paid to them. There was positive testimony that the banking firm had no connection with the sale of the bonds or with the handling of the proceeds, and was not entitled to, nor claiming any, commission on account of the sale.

Counsel for plaintiff in error claims that W. F. Reed was not acting as city treasurer at the time he received this money; that the law required Mr. Reed to put in a voucher for his claim if he desired to have it allowed; that he filed no voucher, and that he was not entitled to any part of the proceeds of the bonds.

Counsel further contends that the trial court erred in its instructions and also in refusing to give certain

CITY OF SYRACUSE v. REED.          809

June 18, 1897.          Opinion. Milton, J.          W. Div.

instructions, but these matters are not so presented that the court can readily discover the grounds of objection. The instructions referred to are not set out in the brief. The instruction complained of is as follows :

"Should you, however, believe from the evidence that the money was received and handled by W. F. Reed himself, as treasurer of the City and not as associated with Darius Reed in their firm capacity as bankers, your verdict should then be for the defendants without regard to the manner in which the three per cent. salary was collected. The City cannot sue W. F. Reed & Co., as bankers, and in the same action get a judgment against W. F. Reed only, as treasurer of the City."

The court also instructed the jury that, in order that the plaintiff might recover, they must find that the firm of Reed & Co., in their capacity as bankers, acquired possession of the proceeds of the bonds as the funds of the City not in the official custody of the city treasurer, and refused to pay some part of them to the City or the city treasurer.

We see no proper objection to these instructions, but consider that the instructions as a whole state the law correctly.

One of the instructions refused was drawn from the language of the Supreme Court in *City of Syracuse v. Reed* (46 Kan. 520), when this action was before that court for review of the ruling of the trial court sustaining a demurrer to the evidence introduced by the plaintiff in the first trial of the action, and is to the effect that when funds derived from the sale of bonds of a city of the third class are received by the city treasurer or a person acting on behalf of the city, the entire amount should on demand be paid into the city treasury ; that such persons cannot fix their own com-

pensation for services in respect to such funds or withhold a part of such proceeds as compensation for their services; that any such claim must be presented to the city council in writing and allowed by it; and that, if the jury should find from the evidence that the defendant, W. F. Reed, did not present his voucher in writing, although he might have been acting as city treasurer, then the jury must find for the plaintiff. This instruction was not necessary or even proper under the evidence, for it does not matter whether or not W. F. Reed presented a voucher to the council, since he was not sued as treasurer. In fact he was not sued in his individual capacity. The banking firm, as such, was sued. The facts developed on the second trial are not the same in some respects as those presented at the first trial.

The issues having been properly submitted to the jury and their verdict, based on conflicting evidence, approved by the trial court, its judgment will be affirmed.