REBECCA SAMUELS v. S. A. S. GREENSPAN.

No. 570.   (58 Pac. 482.)

1. FORCIBLE ENTRY AND DETAINER—*Proof of Service of Notice.*
   Upon a demurrer to the evidence, proof that a notice was served
   upon the defendant will be taken as evidence that it was legally
   served.

2. STATUTE OF FRAUDS. Receipt for rent, with indorsement thereon,
   set forth, and held not to be such an instrument as would be valid
   under the statute of frauds.

3. PRACTICE, DISTRICT COURT—*Appeal—Submission of Special
   Questions.* When a case is taken on appeal from a justice of
   the peace to the district court, it is to be tried in the latter court
   according to the rules of practice therein, and not as if it were be-
   ing tried before a justice of the peace.

Error from Shawnee district court; Z. T. HAZEN,
judge.   Opinion filed October 6, 1899.   Reversed.

*E. G. Wilson,* for plaintiff in error.

*A. Bergen,* and *Quinton & Quinton,* for defendant in
error.

The opinion of the court was delivered by

WELLS, J. :   This was an action under the forcible
entry and detainer act, originally brought by the de-
fendant in error against the plaintiff in error before a
justice of the peace in the city of Topeka.   A trial
there resulted in a judgment for the plaintiff.   An ap-
peal was taken to the district court, where it was again
tried and judgment for the plaintiff again rendered.
The case is now before us for review.

There are five assignments of error, by the first
four of which it is alleged that the court below erred
in overruling the demurrer of the plaintiff in error to
the evidence of the defendant in error, in giving im-
proper instructions to the jury on behalf of the de-

Samuels v. Greenspan.

fendant in error, in refusing to submit to the jury proper and material questions reduced to writing and requested by the plaintiff in error, and in overruling the motion of the plaintiff in error for a new trial; and the fifth assignment is that the verdict of the jury and the judgment of the court are not sustained by the evidence, and are contrary to law.

In support of the first allegation plaintiff in error insists, (1) that the notices were insufficient and invalid; (2) that the evidence fails to show legal service of either notice; (3) that the notices were waived by the acceptance of rent after their termination.

We think the thirty days' notice was valid. It was signed by D. T. Gregg, agent, and by S. A. S. Greenspan, landlord, by Simon Greenspan, agent; either of these signatures would have been sufficient and the additional one does no harm. The notice comes clearly within the reasoning of *Conaway v. Gore*, 22 Kan. 217, as does also the so-called three days' notice. In regard to the service, it is shown by the evidence that the notices were served, but it does not appear how they were served. "A demurrer to the evidence admits not only the truth of the facts directly proven by the plaintiff, but also all that may fairly be inferred from those facts." (*City of Syracuse v. Reed*, 46 Kan. 520, 26 Pac. 1043.)

Were the notices to terminate the lease and to quit the possession of the property waived by the acceptance of the rent accruing after the service thereof? The payments were of sums due under any theory of tenancy claimed by either party, and by neither the making nor acceptance thereof did either party waive his right to litigate the validity of his claim.

Objection is made to the fourth instruction given by the court for the reason that no such notice as

therein described was given in this case, and that such instruction left the impression on the jury that such a notice was made and legally served on the defendant. This objection is not valid. If the law required the kind of a notice described in this instruction to be served and the jury found that the notice which was served did not fill the requirements, they should have found for the defendant, and it did not injure the defendant's case to tell the jury so. The statute does not require the kind of a notice apparently indicated by the instruction, but we do not see how the error could prejudice the rights of the defendant.

The seventh instruction is claimed to be erroneous, first, because a memorandum was reduced to writing; second, because, under the decision in *Becker v. Mason*, 30 Kan. 697, 2 Pac. 850, such a contract is not void; third, that the court erroneously construed the memorandum in evidence as not sufficient to take the contract out of the statute of frauds. The paper referred to is as follows:

"No. 10.    Topeka, March 6, 1896.
"Received of Mrs. Samuels forty dollars for rent of dwelling No. 516 West Tenth street for one month ending April 15, 1896.
"$40.00.    Thos. G. Shillinglaw, *Agt.*"

On the back of which was written the following:

"This receipt calls for lease to 516 West Tenth street for one year with privilege of more, all in good repair.    Shillinglaw, *Agt.*
        for S. A. Greenspan."

We do not think this was sufficient to take the contract out of the operation of the statute of frauds. It was not signed by the owner or by her agent, "thereunto lawfully authorized by writing." The decision

in *Becker v. Mason,* supra, was not founded upon the section of the statute that governs the case at bar.

In relation to the refusal of the court to submit certain special questions of fact to the jury for the reason that the cause was appealed from a justice of the peace, it seems to be argued by the defendant that as no special questions could be submitted in the trial before the justice of the peace none could be insisted on in the district court. We do not so understand the law. When a case is taken on appeal to a higher court the appellate court has only the jurisdiction of the court from which the case comes, but the mode of procedure is that of the court in which it is being tried. If the questions asked were material to the issue they should have been submitted. We think that if questions 1, 2, 3, 6 and 7 were answered yes, and the question 4 was answered no, the judgment must have been for the defendant. We are not sure but that some of the questions could have been differently answered from that indicated above and yet judgment for the defendant be properly rendered. The writer of this opinion is inclined to think that if the plaintiff knew of the contract between her agent and Mrs. Samuels, and so knowing accepted benefits thereunder, or allowed the lessee to incur expenses in relation thereto, without objection, she would be estopped from denying its validity for a year thereafter. However, we do not decide this question now.

The judgment of the district court will be reversed and a new trial directed.