[Sac. No. 556.   Department Two.—November 6, 1899.]

MARY ODELL, Respondent, v. CHARLES BUTTRICK et al., Appellants.

LANDLORD AND TENANT—UNLAWFUL DETAINER—PLEADING.—A complaint in an action for an unlawful detainer by a tenant after the expiration of his term need not allege the specific amount of the rent agreed to be paid. An allegation that the lease was given for a "certain yearly rent" which had been paid is sufficient.

ID.—FINDING—JUDGMENT—END OF TERM.—A judgment in favor of the plaintiff in such an action is sustained by a finding that the term of the lease had terminated, although the court further finds that the defendant is still a tenant of the plaintiff, as the relation of landlord and tenant still continues until the tenant surrenders possession.

APPEAL from a judgment of the Superior Court of San

Joaquin County and from an order refusing a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, and Budd & Thompson, for Appellants.

Louttit & Middlecoff, for Respondent.

TEMPLE, J.—This is an action for an unlawful detainer by a tenant after the expiration of his term. Defendants appeal from the judgment and from a refusal of a new trial.

The court overruled a demurrer to the complaint, and it is charged that the ruling was erroneous. The demurrer was for want of facts, for uncertainty, for ambiguity, and that the complaint is unintelligible. It is now contended that the complaint is defective, because it does not state the amount of the rent to be paid. It is averred that it was for a certain yearly rent which was paid by defendants. As the cause of action is for unlawfully holding over after expiration of the term, no further statement upon the subject was called for, or would have been material if made.

It is said that the findings do not support the judgment.

1. There must have been the conventional relation of landlord and tenant. This is clearly shown by the allegations of the complaint and by the findings.

2. It is said that the relation must have terminated, and the court finds that the defendants are still tenants. It was necessary that the term should have ended, but the relation still continues until the tenant surrenders possession. (See Code Civ. Proc., sec. 325.) Therefore, finding III does not contradict finding II.

3. The evidence is very clear that the lease was entered into, and this is really not controverted by the testimony of Charles Buttrick.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.