[L. A. No. 778.   Department Two.—December 29, 1900.]

ELLIS P. GEORGES, Respondent, v. W. J. KESSLER et ux., and ELLA B. HANNA, Defendants.  W. J. KESSLER, Appellant.

131 183,
149 198

Mechanics' Liens—Foreclosure—Pleading—Notice of Lien—Exhibit Made Part of Complaint.—In an action to foreclose a mechanic's lien, a copy of the notice of lien, attached to the complaint as an exhibit, and expressly made part of the complaint, becomes part of its allegations as fully as if set forth in the complaint, and may be considered in determining whether the complaint states a cause of action, and whether it alleges that the notice of lien described the property, and the terms, time given, and conditions of the contract.

Id.—Lien Upon Premises of Husband and Wife—Contract With Husband—Ambiguity.—A complaint alleging that the property was owned by the defendants, husband and wife, and that the contract was made with the defendant husband, and which shows that the notice of lien so stated is not demurrable for ambiguity, in not showing whether the contract was made with the wife or with both of the defendants, or whether the wife is sought to be held under an alleged contract, or on account of her interest in the land.

Id.—Variance—Nonsuit—"Alarm Bell and Battery not Included."—Where the notice of lien set forth an oral contract to do certain specified work for a specified sum, the proposition and specifications being memoranda, the proposition accepted being to do the work for that sum, "alarm bell and battery not included," and claimed a lien for the sum specified, less a sum paid, and the complaint stated the contract to do the same specified work for the same specified sum, without alluding to the "alarm bell and battery," otherwise than by making the notice of lien a part of the complaint, there is no variance, and a nonsuit cannot be granted on the ground of variance.

Id.—Completion of Contract—Conflicting Evidence—Support of Finding.—Where the plaintiff testified that the defendant directed him not to put in any alarm bell, saying that he would not pay for it, and defendant testified that the sum specified included the cost of an alarm bell, and that the contract was not complied with, a finding that plaintiff completed the work according to the contract cannot be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  D. K. Trask, Judge.

The facts are stated in the opinion.

Len Claiborne, and Dunnigan & Dunnigan, for Appellant.

John W. Kemp, and F. G. Hentig, for Respondent.

HAYNES, C.—Action to foreclose a mechanic's lien, under a contract between the plaintiff and defendant W. J. Kessler, for an improvement upon a building situate upon premises alleged to be the property of Mr. and Mrs. Kessler. Defendant Hanna was alleged to have or claim some interest therein, but she made default, and will not be further noticed. The plaintiff had findings and judgment, and defendant W. J. Kessler appeals from said judgment and from an order denying his motion for a new trial.

The demurrer to the complaint is general and special. Under the general demurrer, it is said that the complaint does not allege that the notice of lien described the property sought to be affected by the lien, nor the terms, time given, and conditions of the contract.

The complaint fully described the property as the westerly eighty-two and one-half feet of lot 9 in block F of the Mott tract, and identified it as that upon which the building whereon the work was done was situated, and, after stating the work agreed to be done, stated the amount to be paid, and that it was agreed to be paid upon completion of the work; and in addition to these allegations, which we think were sufficient, a copy of the notice of lien was attached to and expressly made part of the complaint and became part of its allegations. "For there can be no difference between setting forth such instrument in the body of the pleading and in annexing it as an exhibit, and making it a part of the pleading by proper reference. In each case the copy is a part of the pleading. The only difference is in the arrangement or sequence of the parts, and this difference is entirely unimportant upon the question whether the pleading states a cause of action." (*Lambert v. Haskell*, 80 Cal. 612; *Ward v. Clay*, 82 Cal. 506. See, also, the concurring opinion of Mr. Justice Temple in *Hibernia Sav. etc. Soc. v. Thornton*, 127 Cal. 577.)

The first specification of ambiguity is to the effect that it cannot be determined whether the contract was made by Mr. Kessler or Mrs. Kessler, or by both. It expressly alleged that the contract was made "with the said defendant W. J. Kessler"; and the same statement is made in the notice of lien.

It is also specified that the complaint is ambiguous in that it cannot be ascertained whether Mrs. Kessler is sought to be held under an alleged contract made with her, or on account of some interest she has in the land. It was expressly alleged that Mr. and Mrs. Kessler are the owners, and there is no intimation that the wife was a party to the contract otherwise than that she assented to it.

The next specification is a repetition of the first above noticed. The next is that the complaint is ambiguous and uncertain in that the allegations in the complaint are inconsistent with the exhibit attached to it; but in what respect or in what particular is not specified.

When the notice of lien was offered in evidence by the plaintiff, defendant objected on the ground "that it was incompetent, irrelevant, and immaterial, and that it was a variance from the allegation of the complaint—no such lien having been pleaded, and no contract set out in the complaint such as is described or attempted to be described in said lien."

This objection did not point out to the court wherein a variance existed or was supposed to exist.

Nor do we think there is in fact any variance between the contract stated in the complaint and that stated in the notice of lien. The contract was oral, the proposition and specifications being memoranda. The proposition made by plaintiff was to do the work for one hundred and thirty-eight dollars, "alarm bell and battery not included." This proposition was accepted by defendant. The reference to the alarm bell shows that there had been previous conversations in which an alarm bell was spoken of, and the evidence confirms the inference. The lien filed was for one hundred and thirty-eight dollars, the amount or value of the work stated in the proposition (the alarm bell and battery not included), less five dollars paid on account.

At the conclusion of plaintiff's evidence in chief the defendants moved for a nonsuit on the ground that the evidence was not sufficient to show that the work was done according to the specification and contract set out, and on the further ground that there was no testimony tending to prove the contract set out in the complaint. This motion was properly denied. It was but a restatement of appellant's contention as to the supposed variance between the complaint and the notice of lien.

In the transcript there are several specifications of alleged insufficiency of the evidence to support the findings, though but one of them is noticed in appellant's brief. The court found, in substance, that plaintiff fully completed the work according to the terms of the contract; and it is contended that this finding is not justified because the plaintiff did not put in said electric alarm bell.

Upon this point the plaintiff testified that defendant directed him not to put in the alarm bell, saying he would not pay for it; while the defendant testified that the cost of the alarm bell was included in the proposed sum of one hundred and thirty-eight dollars. Upon this state of the evidence the finding cannot be disturbed.

I advise that the judgment and order be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.