JOHN PEDDICORD *et ux.* v. JAMES B. BERK, *substituted for Fred B. Pierce.*

No. 14,562.   (86 Pac. 465.)

SYLLABUS BY THE COURT.

1. FORCIBLE DETAINER—*Notice to Leave, and Complaint—Inaccurate Description of Land—Partial Recovery.* The notice to leave, preliminary to an action of unlawful detainer, and the complaint subsequently filed, did not correctly describe all the tracts of plaintiff's land leased to the defendants. *Held,* that this did not bar a recovery of the tracts which were correctly described in the notice and complaint.

2. ———— *Service of Notice to Leave.* Such notice may be served by leaving a copy of it with some person over twelve years of age on the premises described in the notice, and, on a demurrer to the evidence, where there is testimony that a copy was left with a person on the premises it will be deemed to be a legal service.

3. AGENCY—*Authority—General or Special.* Authority to an agent to rent land does not authorize him to contract for the erection of buildings or the making of improvements.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed July 6, 1906. Affirmed.

*I. P. Campbell & Son,* and *Adams & Adams,* for plaintiffs in error.

*Blake & Ayres,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action of forcible detainer, begun in the city court of Wichita, Kan., by Fred B. Pierce against John Peddicord and Melissa Peddicord, his wife. Pierce was the owner of the southeast quarter of the southeast quarter of section 4, lots 1, 2 and 3 *and the northeast quarter of the northeast quarter of section 9,* in township 28, range 1 east, in Sedgwick county, Kansas, and the Peddicords had been tenants of his for ten or eleven years, and were in the possession of the land at the time this action was brought. Pierce was a non-resident, and Kos Harris,

of Wichita, had been his agent for the leasing of this property during all that time. The lease executed in 1900, under which the Peddicords held, did not correctly describe the premises. In it the land was described as the "southeast quarter of the southeast quarter of section four (4), and lots one (1), two (2) and three (3) in section nine (9), *and the southeast; southeast of section nine (9),*" etc. Pierce was not the owner, and neither of the Peddicords was in possession, of the southeast quarter of the southeast quarter of section 9. This action was brought on the theory that the Peddicords' tenancy had terminated under the terms of the lease.

In the notice of suit the premises were described as the "southeast quarter of the southeast quarter of section four (4), and lots one (1), two (2) and three (3) in section nine. (9) *and the southeast quarter of the southeast quarter of section nine (9),*" etc. In the complaint Pierce prayed for the possession of that part of the premises which was correctly described in the lease, as follows: "The southeast quarter of the southeast quarter of section four (4) and lots one (1), two (2) and three (3) in section nine (9), all in township twenty-eight (28), range one (1) east," etc. In describing the premises the summons followed the notice of suit.

On a trial in the city court of Wichita, with the consent of the court, Pierce dismissed from the action "the southeast quarter of the southeast quarter of section 9," etc. Judgment was given for Pierce, and the Peddicords appealed to the district court of Sedgwick county. Afterward, on motion of James B. Berk, and a hearing thereon, in which the Peddicords participated, it was shown that Berk had purchased the land in controversy and succeeded to all the rights of Pierce in respect thereto, and it was ordered by the court that "said James B. Berk is hereby substituted in the stead of plaintiff Pierce, with leave to prosecute this action as such substituted plaintiff." Upon a trial to the

court and a jury the Peddicords filed a demurrer to Berk's evidence, which was overruled. The jury returned a verdict in favor of Berk for the premises described in the complaint, and judgment was rendered accordingly. The Peddicords bring error.

It is contended that the plaintiff could not maintain the action because the Peddicords had leased and were occupying land not described in the notice to leave possession and not included in the complaint and summons. It should be noted that the land correctly described in the lease was properly included in the notice, complaint and other proceedings, and no other land was included in the judgment of restitution. There is no rule of entirety requiring a person to contest for the possession of all the tracts owned by him and of which the defendant holds unlawful possession. Of course he could not recover tracts wrongly described in the notice and complaint, but no reason is seen why he cannot recover possession of those correctly described and shown to be unlawfully detained from him. Ordinarily the complaint of a litigant is that the opposing party is asking for more than he is entitled to, but the objection here is in effect that he is not asking for enough, or that because he did not demand a restitution of all the tracts even that which he asks should be denied to him. In *Beach v. Heck,* 54 Mo. App. 599, it was held in a forcible-detainer action that a demand for several pieces of land, some of which were erroneously described, did not bar a recovery of those correctly described in the demand and complaint. In *Seeley v. Adamson,* 1 Okla. 78, 26 Pac. 1069, it was ruled that "where the petition in forcible entry and detainer asks the recovery of the possession of a whole quarter-section, and the proof shows the plaintiff to be in possession of a very small part of it, the variance is immaterial." (See, also, *Dimmett v. Appleton,* 20 Neb. 208, 29 N. W. 474; *Weatherford v. Union P. R. Co.,* 5 Neb. [Unofficial] 464, 98 N. W. 1089.)

It was said that the preliminary notice was not duly

served.  The return of the officer was to the effect that he could not find the Peddicords, who were the tenants, but. that he left copies of the notice "with E. S. Peddicord, a person over twelve years of age, on the within-described premises."  This was a substantial compliance with the statute.  (Gen. Stat. 1901, § 5397.)   E. S. Peddicord was a daughter, and it appears that the family resided on one of the tracts of the land which was correctly described in the notice.  It is said that it was not shown that the daughter with whom the notice was left was over twelve years of age.  The sufficiency of the service, however, was only raised by a demurrer to the evidence, and as there was some testimony showing a service it must be inferred that it was a legal service.  (*City of Syracuse v. Reed,* 46 Kan. 520, 26 Pac. 1043; *Samuels v. Greenspan,* 9 Kan. App. 140, 58 Pac. 482.)

The court refused to receive testimony of the making of improvements by the Peddicords, in the absence of a showing that they had been authorized by or known to the owner.  It does not appear that any authority was given by the owner to the Peddicords, nor even that he had knowledge of such improvements.  The land was leased to them by Kos Harris, and defendants' contention is that he had authorized the improvements and if they were credited with the value of the improvements they would not be in arrears for the rent.  It does not appear that Harris was a general agent, nor that he had been given any other authority than to rent the premises.  This, in its nature, is a special and limited authority, which would not warrant the agent in contracting for repairs or improvements.  In *Scully v. Dodge,* 40 Kan. 395, 19 Pac. 807, it was held that authority to receive rents was a special agency which did not warrant the agent in taking the notes of another in discharge of a liability for rent. The supreme court of Arkansas decided that "authority to an agent to rent a house does not authorize him to covenant to repair or rebuild."   (*Halbut et al. v.*

Forest City, 34 Ark. 246, syllabus.)    The ruling was right.    There was no error in the admission of testimony, nor in the instructions given to the jury.

Complaint was made at the oral argument of the substitution of Berk for the original plaintiff, Pierce. It appears to have been done on due notice and in accordance with the provisions of the code; but, however that may be, the question was not raised in the printed briefs, and hence is not fairly open to consideration.

Finding no error in the record, the judgment is affirmed.

All the Justices concurring.