[No. 7635.  Decided January 6, 1909.]

John B. Agen, *Respondent*, v. W. F. Nelson, *Appellant*.[1]

Landlord and Tenant—Lease—Sublease—Release of Tenant.
Subleases of different portions of demised premises, for less than
the term of the original lease, do not constitute an assignment of
the lease so as to release the lessee from liability for the rent.

Same—Substitution.  Acceptance of rent from subtenants of dif-
ferent portions of the demised premises under subleases for less than
the original term does not release the original tenant where receipts
were given in his name, and there was nothing further to show a
substitution.

Same—Unlawful Detainer—Parties—Possession by Subtenant.
Under Bal. Code, § 5527, an action of unlawful detainer for non-
payment of rent may be maintained against the original lessee where
his subtenant was in possession and in default.

Same—Damages—Taxes.  In an action of unlawful detainer
against a tenant, and to recover rents, recovery may be had for the
amount of taxes which the tenant had covenanted to pay.

Appeal from a judgment of the superior court for King
county Yakey, J., entered November 27, 1907, upon findings
in favor of the plaintiff, after a trial before the court with-
out a jury, in an action for unlawful detainer by a tenant.
Affirmed.

*J. W. Rayburn*, for appellant.
*Bausman & Kelleher*, for respondent.

Rudkin, J.—On the first day of February, 1902, the plain-
tiff Agen leased to the defendant Nelson the west 100 feet
of the south half of lot 8, in block 15, of Boren's Addition
to the city of Seattle, for the term of five years, at the
monthly rental of $55 per month for the first year, and $75
per month for the remaining years, payable monthly in ad-
vance.  The lessee further covenanted to pay promptly and
before delinquency all taxes levied or assessed against the

[1]Reported in 98 Pac. 1115.

south half of said lot 8 during the term. On the 26th day of July, 1902, Nelson leased or sublet an undivided one-half interest in the demised premises to one Sarah Slyfield, for the term of 53 months and 29 days from August 1st, 1902, subject to a prior lease of a portion of the demised premises to the defendant Love. On the 28th day of July, 1902, the remaining undivided half interest in the demised premises was sublet to one H. P. McGuire for the term of fifty-three months and twenty-seven days from the first day of August, 1902, subject likewise to the Love lease.

This action was instituted under the unlawful detainer statute against Nelson and Love, to recover possession of the demised premises for failure to pay the rents reserved for the months of August, September, October, November, and December, 1906, or surrender possession on notice and demand, and to recover taxes paid by the plaintiff, and double the amount of the unpaid rents. The court gave judgment simply for the taxes and double the amount of the rents due, the term having expired and the defendants having surrendered possession long before the trial. From this judgment the defendant Nelson has appealed.

The appellant contends that the subleases from him to Slyfield and McGuire constituted an assignment of his term, in contemplation of law, and that he was thereafter released from the obligation to pay rent. The subleases were not of the entire premises, as they were subject to the prior lease to the defendant Love, nor were they for the full term of th original lease. They did not constitute an assignment, therefore, in contemplation of law, as a part of the original term was reserved to the original lessee. *Shannon v. Grindstaff*, 11 Wash. 536, 40 Pac. 123; 24 Cyc. 974. Nor does it appear that the appellant was released from the obligation to pay rent by any act of the parties. Rent for the greater part of the term of the original lease was paid to the respondent by the subtenants, but receipts were at all times given in the name of the original tenant, and nothing further was

shown tending to establish a substitution of parties. We are therefore of opinion that the appellant was not discharged from the obligation to pay the rent which he assumed in his original lease, either by operation of law or by any act of his landlord. It is further contended that actions of this kind will only lie against parties in possession at the time of the commencement of the action. Conceding this to be true, it clearly appears from the testimony that Mrs. Love, a subtenant of the appellant, was in possession at the time of the commencement of the action, and under the express provisions of Bal. Code, § 5527 (P. C. § 1170), the action will lie in such cases, and the party in possession by subtenant is guilty of unlawful detainer.

It is lastly contended that the court erred in allowing a recovery for taxes paid by the respondent. The appellant covenanted to pay these taxes, and we see no reason why a recovery should not be had in this action for a breach of that covenant.

Finding no error in the record, the judgment is affirmed.

MOUNT, CROW, and DUNBAR, JJ., concur.

HADLEY, C. J., FULLERTON, and CHADWICK, JJ., took no part.