[Civ. No. 1430.   First Appellate District.—January 18, 1915.]

## ALEXANDER W. WILSON, Respondent, v. CHARLES J. SADLEIR, Appellant.

LANDLORD AND TENANT—NONPAYMENT OF RENT—NOTICE OF INTENTION TO TERMINATE LEASE AND RE-ENTER PREMISES—WHEN LEASE NOT TERMINATED BY—UNLAWFUL DETAINER.—A notice by a lessor to his tenant, pursuant to the terms of the lease, declaring that the former, for nonpayment of the rent, elected to consider the lease null and void and that he would at the expiration of ten days, re-enter the premises, does not prevent the landlord from giving the statutory three days' notice to quit, and maintaining an action of unlawful detainer to recover the premises.

ID.—PLEADING—NOTICE TO QUIT—SUFFICIENCY OF.—In such a case the contention that the three days' notice to quit was insufficient, as no amount of rent was alleged to have been specified in the notice, cannot be maintained where the complaint stated the amount of rent due and alleged that demand was made for the payment thereof, and a copy of the notice was attached to and made a part of the complaint.

ID.—LEASE OF REAL AND PERSONAL PROPERTY—BREACH OF COVENANT—
UNLAWFUL DETAINER.—The terms of section 1161 of the Code of
Civil Procedure are broad enough to authorize the maintaining an
action of unlawful detainer where the lease demises both real and
personal property consisting of a furnished hotel.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial. George L. Jones, Judge presiding.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

J. C. Campbell, Walter Shelton, Alexander A. Wilson, and
J. C. Campbell, Weaver, Shelton & Levy, for Respondent.

THE COURT.—Appeal from the judgment in favor of
plaintiff and from an order denying defendant's motion for
a new trial in an action of unlawful detainer.

The complaint shows that upon the defendant's failure to
pay rent for two months, he was served with a notice, pur-
suant to the terms of the lease, which declared that the lessor
elected to consider the lease null and void, and notified the
defendant that at the expiration of ten days the plaintiff
would re-enter the premises. The moment having arrived
when the plaintiff, under this notice and the provisions of the
lease, was entitled to re-enter, and the defendant being still
in possession, the plaintiff gave him the statutory notice to
quit.

We are unable to agree with the appellant that the de-
murrer to the complaint, on the ground that it failed to state
facts sufficient to constitute a cause of action, should have
been sustained. Appellant's theory in this behalf is that
the first notice, to wit, the ten days' notice, terminated the
tenancy, and therefore no action under the three-days' notice
can be maintained. The lease seems to contemplate that
upon the breach of any of its covenants and after the ten
days' notice the plaintiff may eject the defendant, and take
immediate possession; or waive his right, and commence a pro-
ceeding in unlawful detainer without giving the usual notice
of three days. However, plaintiff abandoned any notion
that he may have entertained of proceeding in the manner

specified in the lease, and did give the statutory notice to quit. Under these circumstances we do not see how it can be said with reason that there was a termination of the tenancy such as would make the defendant a tenant at will, and entitled to thirty days' notice as required in such cases. (Civ. Code, sec. 789; *Perine* v. *Teague,* 66 Cal. 446, [6 Pac. 84]; *McKissick* v. *Ashby,* 98 Cal. 422, [33 Pac. 729]; *Kuhn* v. *Smith,* 125 Cal. 617, [73 Am. St. Rep. 79, 58 Pac. 204].) Finally, however, notwithstanding the service of the notice the defendant did not surrender possession of the demised premises, and the relation of landlord and tenant still continued (*Kower* v. *Gluck,* 33 Cal. 401, 406; *Odell* v. *Buttrick,* 126 Cal. 551, 552, [59 Pac. 133]); and the action of unlawful detainer will lie.

Defendant asserts that the three days' notice is insufficient as a notice under subdivision 2 of section 1161 of the Code of Civil Procedure, as no amount of rent is alleged to have been specified in such notice. This point is devoid of merit. The complaint in one paragraph states the amount of rent due, and in another paragraph alleges that a demand was made for payment thereof, which, of course, is equivalent to stating that a demand was made for the amount stated to be due. Moreover, even if the complaint proper were defective in the regard suggested, still the point would be unavailing for the reason that a copy of the notice was attached to and made a part of the complaint, and it supplies the claimed defect. (*Georges* v. *Kessler,* 131 Cal. 183, 184, [63 Pac. 466].)

The lease being of a furnished hotel and covering real and personal property, defendant contends that the action of unlawful detainer will not lie. It may be that the terms of section 1161 of the Code of Civil Procedure, are broad enough to cover this point. It will lie apparently if there is a violation of any of the covenants or conditions of the lease; and one of the conditions of this lease is that the tenant shall pay the amount reserved for the occupation and use of both the real and personal property described therein. (Code Civ. Proc., sec. 1161, subds. 2 and 3; *Knight* v. *Black,* 19 Cal. App. 518, [126 Pac. 512]; *Agen* v. *Nelson,* 51 Wash. 431, [98 Pac. 1115]; *Olson* v. *Alki Park Co.,* 63 Wash. 521, [Ann. Cas. 1912D, 365, 115 Pac. 1083].)

This action is based either on a breach of a condition to pay rent, or on the breach of some other condition of the lease; and comes therefore under either subdivision 2 or 3 of said section 1161.

But even if this were not true, the payments reserved in the lease would constitute a reservation of rent arising out of realty in the technical sense of the word; and the failure to make such payments would be regarded as a default in the payment of rent within the meaning of said subdivision 2, and the personal property and the board furnished as part of the consideration for the payments reserved in the lease are merely incidents to the enjoyment of the leasehold interest in the realty. There are no California cases on this point, but the principle is well established in other jurisdictions, where the summary remedies lie only for the nonpayment of rent as distinguished from the breach of other covenants or conditions (*Toler* v. *Seabrook*, 39 Ga. 14). In this last mentioned case the court says: "It is held that where there is a contract for rent of real estate it is none the less a renting, although it is agreed that the tenant may have a lease of the mules, tools, gin and other personal property actually on the place, and a distress warrant may be had for the whole sum agreed upon. It is said: 'The main thing is the rent, and the uses of the other things are mere incidents. It is still rent, and a distress warrant will lie.'"

In the case of *Armstrong* v. *Cummings*, 58 How. Pr. (N. Y.) 331, 334, where the court passed upon a similar state of facts, it is said: "Generally speaking, the rent issues of the whole premises demised, but if a house and furniture be comprised in a lease, the rent will issue out of the lands or house only; and the lessor may declare, as on a demise of the land or house, without noticing the goods . . . 'Rent cannot be reserved out of chattels personal. If such chattels are demised with the land, at an entire rent, the rent issues out of the land only.' . . . If this were not so, the statute would have no application to furnished tenements, hotels, manufactories or saw mills, because they contained furniture or steam power. It would have no application to any house wherein the landlord owned the gas fixtures, portable heaters or wash-tubs, and let them with the premises. Indeed, the statute would have such a limited application that its usefulness would be destroyed and further legislation required."

(See, also, *Stein* v. *Stely,* (Tex. Civ.) 32 S. W. 782; *Peddicord* v. *Berk,* 74 Kan. 236, [86 Pac. 465]; *Dimmett* v. *Appleton,* 20 Neb. 208, [29 N. W. 474]; *Weatherford* v. *Union Pac. R. R. Co.,* 5 Neb. (Unof.) 464, [98 N. W. 1089].)

The judgment and order appealed from are affirmed.