No. 7853.

## CRAIG ET AL. *v.* ENCEY.

UNLAWFUL DETENTION OF LANDS.—*Appeal Bond.*—*Mesne Profits Pending Appeal.*—Under the statute concerning the unlawful detention of lands (2 R. S. 1876, p. 662), on an appeal by the defendant from the judgment of the circuit court to the Supreme Court, the appeal bond may be lawfully conditioned, that the defendant, among other things, will pay and satisfy all damages which the plaintiff may sustain, for mesne profits of the premises recovered, or for any waste committed thereon, as well before as during the pendency of such appeal.

Craig *et al.* v. Encey.

SAME.—*Assignment of Bond.*—*Complaint.*—An appeal bond· is assignable by endorsement in writing, so as to give the assignee a right of action thereon, in his own name; and where the plaintiff, in an action on such bond, sues only for the ·recovery of the mesne profits of the premises, during the pendency of the appeal, his complaint will not be bad on demurrer thereto, for the want of sufficient facts, merely because it contains an admission of the payment of the previous judgment and costs.

SAME.—*Practice.*—*New Trial.*—Errors of law, occurring at the trial, must be specifically pointed out and assigned as causes for a new trial, in the motion therefor; for, if not so assigned, the Supreme Court will not consider such errors of law, nor decide any question thereby presented.

SAME.—*Evidence.*—*Transcript of Judgment of Supreme Court.*—In an action on an appeal bond, given on an appeal to the Supreme Court, a certified transcript of the judgment of that court is competent evidence.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellants.

*T. J. Cofer* and *N. M. Taylor*, for appellee.

HOWK, J.—In this action the appellee, as the assignee of one Samuel T. Encey, sued the appellants on an appeal bond given by said Amelia Craig, on an appeal from a judgment rendered by the court below against her, and in favor of said Samuel T. Encey, to this court. The appellee's complaint contained two paragraphs, in each of which it was alleged, among other things, that said Amelia Craig had perfected and prosecuted her said appeal, and that the judgment appealed from had been in all things affirmed by the judgment of this court, which latter judgment still remained in full force and effect.

The bond in suit was executed by the appellants, Amelia Craig and Christian C. Nave, whereby they acknowledged themselves bound to said Samuel T. Encey in the penal sum of $1,000. After reciting that said Samuel T. Encey had obtained a judgment against said Amelia Craig, in the Hendricks Circuit Court, at its March term, 1876, for $44.50 and costs of suit, and also an order for the possession of certain rooms in the brick tavern, then occupied by said Amelia Craig, in the town of Danville, Hendricks county, Indiana, it was conditioned that the bond should be void, if the said Amelia

Craig should duly prosecute her said appeal, and abide by and pay the judgment, costs and damages, which might be rendered or affirmed against her in this court, and should pay and satisfy all damages which might be sustained by said Samuel T. Encey for mesne profits of the premises recovered, or for any waste committed thereon, as well before as during the pendency of said appeal; otherwise to be in full force in law.

The cause was put at issue and tried by the court, and a finding was made for the appellee; and the appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the court rendered judgment on its finding.

The appellants have here assigned, as errors, the following decisions of the circuit court:

1.    In overruling their demurrer to each of the paragraphs of complaint; -

2.    In sustaining appellee's demurrer to the first paragraph of the separate answer of said Amelia Craig;

3.    In sustaining appellee's demurrer to the first paragraph of the separate answer of said Christian C. Nave;

4.    In overruling appellants' motion for a new trial;

5.    In overruling their motion to modify the judgment; and,

6.    In admitting in evidence, on the trial, the opinion and judgment of this court, in the case of *Craig* v. *Ensey.*

The appellants' counsel earnestly insists that the court erred in overruling the separate demurrers to the first and second paragraphs of appellee's complaint. In discussing this supposed error, the first point made by counsel is, that each of the paragraphs of complaint was bad, for the reason that appellee admitted therein that the appellants had fully paid off the judgment appealed from, in the Hendricks Circuit Court, and all costs in this court. This point would have been well taken if the bond in suit had been given merely to secure the payment of the judgment which might be rendered or affirmed

against said Amelia Craig by this court.   But it will be seen from our statement of this case, that the bond was given to secure not only the payment of said judgment, but also to secure the payment of all damages which might be sustained by said Samuel T. Encey for mesne profits of the premises in controversy in that action, or for any waste committed thereon, as well before as during the pendency of said appeal.   The provisions of the appeal bond in that case were expressly authorized by section 11 of "An act concerning the unlawful detention of lands and the recovery thereof," approved May 13th, 1852, in which section it was provided that, " On the trial of any cause under this act, either before the justice of the peace or on appeal, the damages for the detention of the premises shall be estimated up to the time of each trial, while damages on appeal by the defendant shall be deemed as covered by the appeal bond." 2 R. S. 1876, p. 664.  *Jones* v. *Droneberger,* 23 Ind. 74. Under the bond in suit the appellants were liable for the mesne profits of the premises, during the pendency of the appeal, and that is all they were sued for in this action.   The payment of the previous judgment and costs did not release or discharge the appellants from their liability, under the bond, for such mesne profits; and therefore the admission of the fact of such payment did not vitiate either paragraph of the complaint.   *Craig* v. *Ensey,* 63 Ind. 140.

The appellants' counsel also claims that each paragraph of the complaint was bad, on the demurrer thereto, " because appellee had no right to maintain an action, founded on the appeal bond, executed by appellants to Samuel T. Encey, by virtue of his assignment of said bond to appellee."   This position can not be maintained, we think, either upon principle or by authority.   Samuel T. Encey was the obligee and payee of the appeal bond; and we know of no sufficient reason, and the learned counsel has not informed us of any, which would prevent the obligee and payee thereof from negotiating such bond by endorsement thereon, "so as to vest the property thereof" in his endorsee.   Such an assignment of said

bond would seem to be expressly authorized by the provisions of section 1 of "An act concerning promissory notes, bills of exchange, bonds or other instruments in writing," etc., approved March 11th, 1861. The assignment of the bond was in the words and figures following, to wit: "January 11th, 1879. For value received, I hereby assign the *within* bond, together with all rights and privileges growing out of the same, to William N. Encey.

(Signed) "SAMUEL T. ENCEY."

The language used in this assignment shows very clearly, as it seems to us, that the bond was assigned by endorsement to the appellee. *Leedy* v. *Nash*, 67 Ind. 311. This was sufficient, and the assignor of the bond, Samuel T. Encey, was neither a proper nor necessary defendant to appellee's action. The assignor's property in the bond in suit, by virtue of the said assignment thereof, vested absolutely in the appellee, as such assignee; and it was not necessary to the validity of such assignment, that the judgment mentioned in the bond should also be assigned to the appellee.

The appellants' counsel also claims that the damages assessed were excessive. We are of the opinion, however, that the court did not err in its assessment of damages. It is admitted that the appellant Amelia Craig remained in possession of the premises for eight months after the rendition of the judgment appealed from, or until November 27th, 1876. and that, during that time, the fair rental value of said premises was $30 per month. In assessing appellee's damages, the court allowed interest at the rate of six per cent. per annum on the aggregate sum of such rental value, for the period named, from November 27th, 1876, until the first day of April, 1879, the date of the finding and judgment in this action. This allowance of interest was right, we think, and the damages were not excessive.

The next point presented by the appellants' counsel, in his brief of this cause, is the alleged error of the court in per-

mitting Newton M. Taylor, a witness for appellee, to testify that Amelia Craig stayed in the property without right, and without any contract with Samuel T. Encey. This evidence was objected to, "because of its incompetency and irrelevancy." This objection was not well taken, for the evidence, we think, was competent and relevant. Counsel also complains, in argument, of other evidence of the witness, Taylor ; but, in their motion for a new trial, the appellants did not assign the admission of this other evidence as cause for such new trial, and therefore the supposed error of the trial court, in the admission of this other evidence, is not properly presented for our consideration. For there is no rule of practice better settled than this, that this court will not consider any supposed error of law, occurring at the trial, nor decide any question thereby presented, unless it appears that such error of law was assigned as a cause for new trial, in the motion therefor addressed to the trial court. *Leary* v. *Ebert,* 72 Ind. 418.

The last point made by appellants' counsel, in argument, is thus stated in his own language : "The court below most certainly committed a gross and unheard-of error, one unknown to the laws of Indiana and to all the civilized governments of the world, in suffering appellee to read, as evidence, to the court trying this cause, the opinion of the Supreme Court of Indiana in the case of *Amelia Craig* v. *Samuel T. Ensey,* given in May, 1878. This may account for the excess of the damages assessed by the court below, under the evidence given on the trial of this cause." It seems to us that counsel has, perhaps, exaggerated the effect of the opinion of this court, in the case mentioned, on the trial court. But, whether this is so or not, we are clearly of the opinion that the certified transcript of the opinion and judgment of this court, in the case cited, was competent, material and relevant evidence on the trial of this cause, and that the court committed no error in admitting such transcript in evidence.

The other errors assigned by the appellants in this court

have not been discussed by their counsel, in his brief of this cause. These supposed errors, even if they exist, must therefore, under the settled practice of this court, be regarded as waived.

We have found no available error in the record of this cause which would authorize this court to reverse the judgment of the trial court.

The judgment is affirmed, at the appellants' costs.

Petition for a rehearing overruled.