THE BOSTON LOAN & TRUST COMPANY v. W. M. ORGAN et al.

1. VACATION OF JUDGMENT—*Pleadings*—*Waiver of Objections.* Mere irregularities in the method of obtaining the vacation of a judgment wrongfully obtained, and to which no objections were made, will not defeat the order vacating such judgment; nor can the omission of a verification to a pleading be regarded as a fatal defect, where the parties proceeded to trial on the merits, without objection, as though the pleading was verified and the issues were properly joined.

2. PLEADINGS, *Held Sufficient, etc.* The pleadings examined, and *held* to be sufficient to authorize the trial of the questions submitted to the court, and the evidence found to be sufficient to sustain the decision vacating the judgment and permitting the garnishee to come in and defend against the claim of the plaintiff.

3. ATTACHMENT—*Discharge of Garnishee.* The garnishee in the action answered, and showed that the land which had been attached as the property of the defendant had been conveyed to the garnishee in

payment of a just debt owing to him by the defendant, and that the land when fairly valued was wholly inadequate to discharge the indebtedness. There was an understanding between the garnishee and the defendant that if at any time the former could obtain more for the property than the amount of the indebtedness, the surplus should be paid to the defendant. Upon the trial, it was shown that the debt of the garnishee was *bona fide*, and that the transfer of the real estate in satisfaction of the debt was made in good faith, and the undisputed testimony was that no interest remained in the property beyond what was necessary to satisfy the demand of the garnishee. *Held*, That as a sale of the property under plaintiff's attachment would yield nothing and serve no beneficial purpose, the ruling of the court discharging the garnishee and dissolving the attachment was not error.

*Error from Lyon District Court.*

On May 20, 1889, the *The Boston Loan & Trust Company* brought an action against *W. M. Organ* and *O. A. Wharton* to recover $890.37, alleged to be due upon a promissory note which they had executed. Upon the same day an affidavit was filed to obtain service by publication, and also an affidavit to obtain an attachment; but no publication was then made, nor was any order of attachment issued. On June 29, 1889, the plaintiff filed an affidavit for an order of garnishment, and naming John S. Kenyon as garnishee. On July 8, 1889, Kenyon filed a statutory answer, in which he denied any indebtedness to either of the defendants and all liability as garnishee. On July 15, 1889, the plaintiff served Kenyon with notice that it elected to take issue on his answer as garnishee. Afterward, on July 29, 1889, Kenyon, at the request of the plaintiff, gave his deposition, in which he stated the business transaction which he had had with the defendants, and positively declared that he did not owe the defendants or hold any property to which they were entitled. On October 25, 1889, the plaintiff procured the issuance of an order of attachment, based upon the affidavit filed in the previous May, which was levied upon several tracts of real estate as the property of O. A. Wharton; but the garnishee was not made a party to the attachment proceeding. On January 6, 1890,

and in the absence of the garnishee, the plaintiff took a judgment by default against Kenyon, as well as the defendants, and in the entry it was found that Kenyon had in his possession and under his control the tracts of land that have been mentioned, the legal title of which was in him, and which he held as trustee for Wharton. A personal judgment against Kenyon was rendered for the full amount of the debt due by Organ and Wharton, and it was declared to be a lien upon the land mentioned, a sale of which was ordered to satisfy the judgment. Soon afterward, and on February 4, 1890, Kenyon learned of the attachment and of the judgment that had been given, when he intervened, and filed a petition or interplea, setting up that he held the legal title and was the owner in fee simple of the real estate which had been attached and ordered sold, and in which he alleged that the claim of the plaintiff to the real estate was wrongful and void, and that neither the plaintiff nor any of the defendants had any estate in or lien on the land. He asked for a judgment quieting his title to the land, for a dissolution of the attachment which had been levied thereon, and for such other relief as he might be entitled to. On February 25, 1890, the plaintiff answered, denying the allegations of Kenyon, and setting forth the judgment which had been rendered on January 6, 1890, which had been decreed a lien on the real estate. It was alleged that this judgment was unreversed and unsatisfied. In reply to this answer, Kenyon averred that the judgment referred to by the plaintiff was wrongfully procured, and that there was no evidence to warrant its rendition. He stated that, after he was served with notice, the plaintiff elected to take issue with him on his answer as garnishee, the plaintiff took his deposition, and induced him to believe that that deposition was to be used in the cause; but that the plaintiff, in fraud of the rights of the garnishee, did not permit the deposition to be brought to the knowledge or attention of the court, but took the judgment, well knowing that Kenyon was not indebted to the plaintiff in any sum whatever, and well knowing that he was

totally ignorant of the fact that any such judgment was claimed, and well knowing that, at the time the said deposition was taken, the said Kenyon had been given by plaintiff to understand and did understand that he was not being held to any further answer. He further averred that the judgment was unjust and inequitable, and prayed that it might be set aside. On June 13, 1890, the cause came on for trial before the court without a jury on the issues so made, and, after hearing the testimony, the court ordered and adjudged that the judgment entered on January 6, 1890, and all findings of fact or conclusions of law embraced in the entry, should be vacated and set aside, so far as they affected John S. Kenyon, and further ordered that Kenyon be let in to defend and interplead in the action. Afterward, on June 21, 1890, the action was further heard upon the issues arising between the plaintiff and the garnishee, when the court ordered that the attachment levied in the action should be dissolved, and further adjudged that the garnishee be discharged. The plaintiff excepted to both of the rulings, and brings the case here for review.

*J. G. Hutchison*, for plaintiff in error.

*Lambert & Dickson*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The steps taken to vacate the judgment of January 6, 1890, and to dissolve the attachment lien upon the real estate in question, may have been somewhat irregular, but no objections were made upon the ground of irregularities. If the judgment was wrongfully obtained against Kenyon, he was entitled to have it set aside, and to be let in to defend against the attachment proceedings which the plaintiff had instituted. Instead of proceeding to set aside the judgment, Kenyon intervened with an interplea, setting up his interest in the land as though the judgment had not been rendered. The plaintiff answered the interplea, setting forth the judgment, and Kenyon, in his reply to that answer, alleged the

Loan Co. v. Organ.

invalidity of the judgment, and set forth the reasons why it should be annulled. All the questions were then before the court, and, as the issues were finally joined, it was authorized in trying the questions that were submitted and decided.

It is said that the court was not justified in inquiring whether the judgment had been wrongfully obtained, because the reply of Kenyon was not verified, and for the further reason that it did not set forth the judgment sought to be vacated. The absence of a verification or the sufficiency of the pleadings was not brought to the attention of the district court, but the plaintiff proceeded to trial on the merits as though the reply was sufficient and the issues properly closed. Under these circumstances, the objection is raised too late, and a verification to the reply must be deemed to have been waived. As the judgment sought to be vacated was set out in the answer filed by plaintiff to the interplea, a repetition of the same in Kenyon's reply was not necessary.

1. Vacation of judgment— pleadings— waiver of objections.

The objection that there is a lack of fullness and certainty in the allegations of Kenyon's pleadings cannot be sustained. No motion or demurrer was directed against them, nor were they attacked upon those grounds until after the judgment was rendered. The pleadings, taken together, show the judgment complained of, the grounds for vacating the same, and the defense which Kenyon had to the attachment and garnishment proceedings, and are sufficient to meet the objections which are now made. While the testimony is conflicting, it appears to be sufficient to warrant the court in setting the judgment aside and allowing Kenyon to come in and resist the proceedings taken against him and his property. The order of attachment was not issued until more than five months after the affidavit for attachment was filed, and Kenyon was not made a party to the attachment proceedings. It is true he was garnished, and that after his answer he was notified that plaintiff took issue upon the answer, but after that time his deposition was taken by plaintiff's counsel, when, as he states, he was in-

2. Pleadings, held sufficient, etc.

formed that his connection with the matter was at an end, and no other or further answer would be required. At the time the garnishment proceedings were had, no service had been obtained upon the defendants in the action, nor were any steps taken to obtain service until after October 25, 1889, when service by publication was obtained upon Organ and ʻWharton. When the matter was brought up for final disposition, on January 6, 1890, no judgment had been obtained against Organ and Wharton in the principal action, and even then, if Kenyon had not been misled, he had a right to assume that no trial of the garnishment action would be had until the plaintiff had obtained judgment against the defendants in the principal action. (Gen. Stat. of 1889, ¶ 4293.) The entry of judgment shows a trial against the defendants, and the garnishee was had at the same time, and, strangely enough, a personal judgment for the full amount of the debt of Organ and Wharton was rendered against Kenyon. Under all the circumstances, we think justice required the reopening of the judgment, and that the court committed no error in making that order.

The next contention is, that the court erred in dissolving the attachment and in discharging the garnishee. It appears that Wharton was indebted to Kenyon in a large amount, some of which was secured by mortgages on Wharton's land. Wharton, being unable to meet his obligations, conveyed the mortgaged land to Kenyon in part satisfaction of the debt. The debt which he owed to Kenyon was undoubtedly *bona fide*, and it is clear that the transfer of the real estate in satisfaction of the debt was made in good faith. The undisputed testimony is, that the land so transferred, when justly valued, falls far short of being sufficient to discharge the indebtedness. There were prior liens existing against some of the land conveyed to Kenyon, which he was obliged to pay in order to protect himself, and, as to some of the land which was attached, it appears that Wharton never had any interest therein. It is clear from the testimony that Kenyon was not indebted to Wharton, and that he could not be held liable

as a garnishee. From some of the testimony in the case, it appears that there was an understanding between Kenyon and Wharton that if the former could obtain more for the property than the amount of the indebtedness against it, the surplus should be paid to Wharton. In this respect, the deeds transferring the property may be treated as mortgages, and if the property conveyed exceeded in value the amount of the indebtedness, the plaintiff would be entitled to the surplus upon its garnishment and attachment proceedings. The testimony, however, which is not denied, is to the effect that the property conveyed to Kenyon is wholly inadequate to discharge the indebtedness due to Kenyon, and a sale of the same under the attachment proceedings would yield nothing to the plaintiff, and serve no beneficial purpose. The legal title to the land is in the garnishee, and why should the expense of a sale be incurred when it is conclusively shown that no attachable interest remains in the land to sell? If the plaintiff had shown that any interest remained, however small, beyond what was necessary to satisfy the demand of the garnishee, it could have been subjected to the payment of plaintiff's claim. No attempt was made by plaintiff to show the existence of any excess, and, in view of the undisputed testimony upon this question, we think the plaintiff was not prejudiced by the ruling of the court discharging the garnishee and dissolving the attachment.

3. Attachment— discharge of garnishee.

The judgment of the district court will be affirmed.

All the Justices concurring.