CHARLES T. KENYON V. ANTHONY YOUNG.

FILED JUNE 16, 1896. No. 6760.

Landlord and Tenant: ACTION FOR RENT: EVIDENCE. In an action to recover rent upon an oral lease from plaintiff to defendant it was properly ruled to be an immaterial inquiry whether or not defendant had subleased the premises to a third party for the term for which he was sought to be held liable.

ERROR from the district court of Howard county. Tried below before HARRISON, J.

*Thomas Darnall* and *C. V. Manett*, for plaintiff in error.

*E. M. Coffin* and *T. T. Bell*, contra.

RYAN, C.

The defendant brought this action before a justice of the peace of Howard county for the recovery of $50 rent for the pasturage of certain prairie land which he alleged was due him upon an oral lease with Charles T. Kenyon. There was a judgment against Kenyon, from which he appealed to the district court of said county. On a trial had to a jury there was again a judgment against Kenyon, who, by his petition in error, seeks its reversal in this court.

In the brief of plaintiff it is conceded that there were no errors in respect to giving or refusing to give instructions. In the introduction of evidence, however, it was sought by plaintiff in error to show that William Stone had used the prairie for pasturage purposes during the period for which it was sought to hold Kenyon liable in this action and that this was under a lease from Young to Stone. As tending to prove this, Mr. Kenyon was asked if he had leased this land to Stone for the year in question. An objection was properly sustained to this inquiry; for the real question in issue was whether Young had leased to Kenyon, and it was immaterial whether or not Kenyon in turn had leased to Stone. It was argued that the verdict was contrary to the evidence, but the bill of exceptions, while it shows a sharp conflict in the evidence, discloses sufficient to sustain the verdict returned. The judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.