## PRESSLER v. BARREDA.

(Court of Civil Appeals of Texas. San Antonio. April 30, 1913. Rehearing Denied June 4, 1913.)

1. LANDLORD AND TENANT (§ 209*)—LEASE—LIABILITY FOR RENT—SUBLETTING.

Where a lease provided that the tenant might sublet the premises, but that his liability for rent should not be diminished or released thereby, and that the subtenants should also be bound to pay the rent to the landlord, and not to the lessee, and should be bound to pay the notes given to the landlord for rent, etc., such provision bound the tenant for the rent whether he sublet the premises or not.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

2. EVIDENCE (§ 441*)—WRITTEN LEASE—VARIANCE BY PAROL.

A provision in a written lease, authorizing the tenant to sublet the premises, but providing that the same should not affect the tenant's liability for rent, could not be varied by any contemporaneous parol agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

3. LANDLORD AND TENANT (§ 209*)—RENT NOTES — ACTION — CONTRACT WITH SUBTENANTS—EVIDENCE.

Where a lease provided that the tenant might sublet, but that such subletting should not affect the tenant's liability for rent, the tenant's contract with his subtenants was not material in an action by the landlord against the tenant on notes given for rent to accrue.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

4. LANDLORD AND TENANT (§ 231*)—LIABILITY FOR RENT—RELEASE.

In a lease authorizing the tenant to sublet, but providing that no subletting should affect the tenant's liability for rent, evidence that the tenant, on informing the landlord that he was ill and wished to sublet the premises and go away and rest for six months, was told that it made no difference to the landlord who occupied the premises so long as the rent was paid, and that the tenant should go ahead and rest up, did not show a release of the tenant's liability for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

5. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—DEFENSES—ADJOINING PREMISES—UNSANITARY CONDITION—EVIDENCE.

Evidence of an unsanitary condition of adjoining premises belonging to a landlord, in the absence of allegation or proof that the tenant's subtenants vacated the leased premises on account thereof, was inadmissible as a defense to an action for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

6. TRIAL (§ 170*)—QUESTION FOR COURT OR JURY—DIRECTION OF VERDICT.

In an action on rent notes, the court properly directed a verdict for plaintiff, where defendant offered no valid defense thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 390–394; Dec. Dig. § 170.*]

7. LANDLORD AND TENANT (§ 195*)—ACTION FOR RENT—OCCUPANCY OF PREMISES.

Where defendant gave notes for rent under a lease, the fact that he did not occupy the premises for the whole term was immaterial to his liability on the notes.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

8. LANDLORD AND TENANT (§ 209*)—SUBLETTING—COLLECTION OF RENTS.

Where a lease authorized a tenant to sublet, and made the subtenants liable to the landlord for rent, it was the duty of the tenant, and not of the landlord, to collect the rents from the subtenants.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

Appeal from Cameron County Court; Jno. Bartlett, Judge.

Action by C. P. Barreda against W. M.

Pressler. Judgment for plaintiff, and defendant appeals. Affirmed.

Graham, Jones, West & Dancy, of Brownsville, for appellant. J. T. Canales, of Brownsville, and Gus L. Kowalski, of Kingsville, for appellee.

FLY, C. J. This is a suit on three promissory notes, each for $90, due, respectively, on May 1, June 1, and July 1, 1911, instituted by appellee, the payee therein, against appellant, the maker of the notes. The notes were executed in connection with a written lease contract for certain premises in Brownsville, in which the property was leased by appellee to appellant, and appellant sought to evade payment on the ground that appellee had authorized a subletting of the premises, and had released appellant from further liability. The court instructed a verdict for appellee, and on the verdict the judgment in favor of appellee was rendered, from which appellant has perfected this appeal.

[1] The lease contract, which was executed contemporaneously with the execution of the notes, contains the following stipulation: "And said lessor hereby gives to said lessee, if necessary, the privilege of subrenting said premises providing the said subrenting is made under the exact terms of this contract and providing further that the liability of said lessee for the rents specified in this contract are not to be in any way diminished or released by reason of said subrenting and further that such sublessee shall also be bound to pay said rents to the said lessor and not to said lessee, and further that such sublessee shall be bound to pay the aforementioned notes to lessor as hereinbefore stated and that a lien be and is hereby reserved upon the interest of said sublessee and assigns in and to the same and the property of such sublessee upon said premises, as aforestated in favor of said lessor, his heirs and assigns, prior and preferable to any and all other liens thereupon whatsoever."

[2] That stipulation binds appellant to the payment of the rent, whether he sublet the premises or not, and that provision of the contract could not be varied by any contemporaneous parol agreement.

[3, 4] The contract between appellant and his subtenants could in no manner affect his obligations to appellee, and it was properly excluded from the jury. Appellee did not sign it, and was not bound by its provisions. Appellee did not agree to release appellant from liability and accept the subtenants in his stead. The evidence of appellant fails to show his release by appellee. The latter merely recognized appellant's right under the lease contract to sublet the premises. All that appellant testified was that he told appellee that he was sick and wanted to go off and rest for six months, and that he had sublet the premises. To that information appellee replied "that it did not make any difference to him who occupied the premises so long as the rent was paid, and told me to go ahead and rest up." There is nothing in the evidence tending to show a release of appellant from payment of the rent.

[5] The eighth, ninth, tenth, fourteenth, fifteenth, and sixteenth assignments of error are in reference to testimony showing the unsanitary condition of adjoining property owned by appellee. It was not alleged or proved that appellant's subtenants vacated the premises on account of the unsanitary condition of the premises, or that appellant was in any way hindered in his use of the rented property by such condition. The evidence had no bearing on any issue in the case, and was properly excluded.

The second assignment is in terms waived by appellant, and it is not copied into the brief, and yet two propositions, purporting to be under the second assignment of error, are urged in the brief. Of course they will not be considered. The second assignment of error in the record has no relation whatever to the two propositions in the brief.

[6] The court did not err in instructing a verdict for appellee. Appellant offered no defense whatever to the payment of the notes. The case of Mays v. Sanders, 90 Tex. 132, 37 S. W. 595, is not at all applicable or pertinent to the facts in this case.

[7] If appellant did not occupy the premises for the whole time for which he had leased them, that fact did not relieve him from the payment of his promissory notes, nor devolve any duty on appellee to rent the premises to some other person. The authorities cited by appellant have no relation to a case of this character. The premises were leased to appellant to be used by him or not as he saw proper, and appellee had no authority to lease them again when not occupied by appellant, unless, perhaps, he had been notified by appellant that he had breached the contract.

[8] Appellee was not the guardian of appellant, and it did not devolve on him to collect rents due appellant by his subtenants. Appellee had not accepted the subtenants and released appellant, and it was the business of the latter to collect rent due him. The case of Johnson v. Bank, 29 S. W. 677, is not pertinent to the facts of this case. The law of indorsement is not involved herein.

The judgment is affirmed.