### ROURKE v. CULBERTSON.

No. 10963—Opinion Filed April 13, 1920.

Rehearing Denied May 4, 1920.

(Syllabus by the Court.)

**1. Pleading—Verification—Waiver.**

The verification of a pleading is not jurisdictional, and the failure to verify is waived if no objection is made and the cause proceeds to trial on the merits.

**2. Appeal and Error—Harmless Error—Instructions.**

Where it appears that an incomplete instruction neither misled the jury nor prejudiced the rights of the complaining party, it is insufficient cause for a reversal.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Emily Culbertson against S. A. Rourke, doing business as the Southwest Transfer and Storage Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Gasper Edwards, for plaintiff in error.

Asp, Snyder, Owen & Lybrand, for defendant in error.

BAILEY, J. This was an action begun in a justice of the peace court within and for Oklahoma City district, Oklahoma county, on the 23rd day of April, 1919, to recover possession of certain premises described as follows: A two-story and basement building located on lots 21 to 24, block 30, Military addition to Oklahoma City, Oklahoma county, Oklahoma, commonly known as No. 19 to No. 25, East Grand avenue, Oklahoma City; it being further alleged that the defendant made lawful entry thereof, but unlawfully and forcibly detained the same, and has so detained same since the first day of April, 1919. The cause was tried in the justice court, resulting in a verdict and judgment in favor of defendant in error, and thereafter the cause was duly appealed to the district court of Oklahoma county, where trial was had de novo, a jury rendering verdict in favor of defendant in error.

For a reversal of the cause in this court, plaintiff in error's first contention is, that "the complaint failed to state a cause of action, and failed to give the court jurisdiction, for the reason and on account of the fact that it was not filed under oath." This contention, as we understand, is predicated upon the fact that the verification of the complaint contains the following: "That he (the affiant) has read the foregoing complaint and that the facts therein set forth are true"; it being contended that such verification is not ·sufficient to meet the requirements of the statute.

Aside from the fact that the verification is identical with and very similar to the form followed and approved in Alder v. Ray, 54 Okla. 154, 153 Pac. 664, Harden v. Atchison and Nebraska R. R. Co., 4 Neb. 521, Hoopes v. Buford & George Implement Co., 45 Kan. 549, and Kaufman v. Boismier et al., 25 Okla. 252, 105 Pac. 326, it is a sufficient answer to the contention of plaintiff in error to note that if any defect existed in the verification, no motion to strike or other pleading was presented challenging such insufficiency. On the other hand, it does appear that no objection or exception was made to such verification in the trial court, but, without objection, plaintiff in error appeared and proceeded to trial on the merits. If there was merit in plaintiff in error's contention, the objection is raised too late. In Boston Loan & Trust Company v. Organ, 53 Kan. 386, it is said:

"The absence of a verification or the sufficiency of the pleadings was not brought to the attention of the district court, but the plaintiff proceeded to trial on the merits as though the reply was sufficient, and the issues properly closed. Under these circumstances, the objection is raised too late and a verification to the reply must be deemed to have been waived."

Nor do we think the verification of the pleading jurisdictional. In First State Bank v. Carr, 72 Oklahoma, 180 Pac. 856, it is said:

"We have been unable to find any authorities holding that the petition is fatally defective unless verified, and we are of the opinion that to that extent the statute is directory and waived by failing to call the court's attention thereto by proper motion."

See, also, Franklin v. Jackson, 78 Okla. 15.

"The verification of a pleading is not jurisdictional, and the failure to verify is waived unless objection is made before trial." Northep et al. v. Bathrick, 80 Neb. 36; Johnson v. Jones, 2 Neb. 126.

It is next contended that the evidence affirmatively shows that plaintiff had no right of possession after the first day of April, 1919, and under this assignment it is con-tended that defendant in error was not entitled to maintain this action, for the reason that she had previously leased the building in controversy to H. B. & A., and that therefore such action, if maintained at all, should have been brought in the name of H. B. & A.

It is true that in some jurisdictions it has been ruled that a lessee who is deprived of the possession of property which he has leased, by the refusal of a former tenant whose term has expired, to quit the premises, is the proper party to bring an action to recover possession thereof, but it is unnecessary to discuss the correctness of this rule in view of the record in this case, which, in our judgment discloses that at the time of the institution of this suit defendant in error had made only a tentative agreement and contract with H. B. & A., and that, while there had been negotiations looking to the leasing of the premises for five years, no contract had yet been entered, and the said prospective lessee was not in a position to assert any right of possession to the premises.

The third and last contention of plaintiff in error is that the court erred in giving and refusing to give certain instructions to the jury, and in giving confusing instructions to the jury, but we think the argument of counsel is premised on a state of facts which do not appear from the record. No written pleading was filed by plaintiff in error, nor any opening statement made as to the contentions of plaintiff in error, but during the introduction of evidence, when objection had been made to the introduction of certain testimony, the following colloquy is shown to have occurred:

"The Court: Seeking to show a verbal lease after the expiration of the written lease?

"Mr. Edwards: Seeks to show a verbal lease after the first day of April, after the termination of this lease. I am seeking to show a new lease.

"The Court: That was made when; before the expiration?

"Mr. Edwards: It was made before the expiration of the present lease and after the issuing of that notice. That notice was issued during the life of the present lease, and after that was made, written and delivered to him, I am seeking to show what was said after that, to show a new verbal lease. .

"The Court: Overruled."

It further appears that the cause was tried on behalf of plaintiff in error upon the theory that whatever rights he had, existed by reason of a new verbal lease. Under this contention and the evidence offered in sup-

port of same, the court instructed the jury, among other things, as follows:

: "* * * The leasing term ends at the end of the year unless the tenant remains in there after that time with the consent of the owner, * * *"
and:

"* * * The defendant has refused to give possession of the premises claiming he had a right by his verbal contract, as the court understands it, that he claims to have made with the plaintiff, to remain in the premises until he could get another place in which to store his goods. * * *"

"* * * The defendant claims that prior to that date he made a contract with the plaintiff, verbal contract, that he might remain in there until he could get suitable quarters in which to place his goods. The burden is upon the defendant to establish that defense. * * *"

And, after defining what was necessary to constitute a verbal contract, the court further instructed:

"The only question, as I have said, for you to determine is whether or not the plaintiff at the beginning of this action, on the 18th day of April, before a justice of the peace, was entitled to possession of these premises. If he was, your verdict should be for the plaintiff. The form of the verdict in that case is that the defendant is guilty. Whereas, if you find in favor of the defendant in this sort of an action, which is for the withholding possession of the premises, your verdict should be that the defendant is not guilty."

While it is true, the instructions as given do not present the issues to the jury with that clearness and succinctness usually found in the instructions given by the learned trial judge, we think they were sufficient to present to the minds of the jurors with reasonable certainty the issues involved, and, in the absence of a request or motion on the part of the plaintiff in error for fuller and more detailed instructions, plaintiff in error will not be heard to complain. In Kaufman v. Boismier et al., supra, this court held:

"Where it appears that an incomplete instruction neither misled the jury nor prejudiced the rights of the complaining party, it is insufficient cause for reversal."

Having examined the entire record, and reaching the conclusion that the evidence sustains the verdict of the jury and that the errors of which complaint is made have resulted in no miscarriage of justice nor constitute a substantial violation of a constitutional or statutory right, the contention of plaintiff in error must be denied. Dickinson

et al. v. Whitaker, 75 Okla. 243, 182 Pac. 901; Oklahoma City v. Hoke, 75 Okla. 211, 182 Pac. 692; Jackson v. Levy, 75 Okla. 256, 183 Pac. 505.

For the reasons assigned, the judgment of the trial court is affirmed.

OWEN, C. J., and RAINEY, PITCHFORD, McNEILL, and HIGGINS, JJ., concur