## SHIELDS et al. v. MITCHELL et al.

No. 11847—Opinion Filed Sept. 18, 1923.

1. **Landlord and Tenant—"Willfully Holding Over"—Damages.**

A tenant who refuses to vacate premises after the expiration of a written rental contract for a definite period and after legal notice to vacate has been given, is guilty of willfully holding over, in the absence of any right to remain in possession, and is liable for double the rental value, as provided for in section 2881, Rev. Laws 1910 (section 6005, Comp. Stat. 1921.)

2. **Appeal and Error—Questions of Fact—Verdict.**

The jury are the triers of the facts, and where the evidence reasonably tends to support their verdict, same will not be disturbed by this court on appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by E. D. Mitchell and another against J. W. Shields and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

H. B. Martin, for plaintiffs in error.

C. A. Steele and W. A. Daugherty, for defendants in error.

Opinion by JONES, C. This cause was instituted in the district court of Tulsa county, by defendants in error, Mitchell and Jenal, against plaintiffs in error, Shields and Shields, on the 17th day of February, 1919. Theretofore, on the 26th day of May, 1913, plaintiffs, E. D. Mitchell and C. D. Jenal, entered into a written contract with the defendants, J. W. Shields and Everett Shields, whereby defendants leased a certain building in the city of Tulsa from plaintiffs for a period of five years from the 1st day of January, 1911; said building to be occupied as a hotel. On January 2, 1919, the lease having expired according to the terms thereof, and defendants having refused to vacate or give possession of same, the plaintiffs served written notice on defendants to vacate and deliver up possession within three days. Defendants ignored said notice and continued to occupy same until about the last day of February, 1919. Plaintiffs sue for twice the reasonable rental value of the property and allege the reasonable rental value to be $1,100 per month, and ask for two months' rent, a total of $4,400.

Defendants filed a general denial, and further answering aver that the building was not completed until after January 1, 1914, and that they paid plaintiffs $800 for the rent of the building for the month of January, 1914. The matter was tried to a jury, and on May 28, 1920, the jury returned a verdict for plaintiffs in the sum of $3,200, from which judgment and order overruling motion for a new trial the defendants below, plaintiffs in error, appealed.

The only facts disclosed by the record which are material to the issue, are raised by the second assignment of error, wherein plaintiffs in error complain of the judgment for the reason it is excessive, which brings us to the question of whether or not

the plaintiffs below were entitled to recover double rent as provided by section 2881, Rev. Laws 1910, as follows:

"For willfully holding over real property, by a tenant after the end of his time, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding."

The right to recover double rent depends on whether or not the holding over was willful.

The contract under which the defendants held was written and for a period of five years, and according to the terms thereof, began January 1, 1914, and expired on the 31st day of December, 1918. The defendants contend that the building was not completed until about February 1, 1919, and for that reason they are entitled to hold over. And having paid the rent for the building before its final completion, they should not be required to pay rental for the time they held over. The record discloses, however, that they went into possession of the building about the 14th of December, 1913, and paid rent for the last three days in December, 1913, which is in accord with a provision of the contract, providing that in the event the building was completed before January 1, 1914, and ready for occupancy, that the rental should begin at such time as the defendants might take possession. Under the contract the rental was $800 per month. Defendants paid $80 for these three days in December, 1913, which is a full rental for the three days. They paid the rental of $800, as provided, for the month of January, 1914, and all other rentals for the entire term, without protest, and no complaint, so far as the record discloses, was ever made as to the completion of the building until the expiration of the contract, and this matter was submitted to the jury under proper instructions, and they evidently found against the contentions of the defendants, and we think the evidence was abundant and fully justified the finding.

Plaintiffs in error further contend that the allegations of the petition were not sufficient, in that it does not allege that plaintiffs in error willfully held over, and for that reason they were not entitled to recover double rent. The petition merely states the facts, and the paragraph upon which the judgment is based, is as follows:

"That since the expiration of said lease, the defendants have held over and occupied the said premises, hereinbefore described,

for a period of two (2) months, beginning January 1, 1919, without any contract or lease from these plaintiffs, and after notice to said defendants to quit and deliver up to said plaintiffs the said premises. A copy of said notice is attached hereto as 'Exhibit B' and made a part hereof."

The petition alleges the reasonable rental value to be $1,100 per month, and asks for two months' rents. And the prayer of the petition asks for double that amount, $4,400. The jury returned a verdict for $3,200, evidently finding the rental of $800 per month, as provided for in the five-year contract, to be reasonable rental, and returned a verdict for double that amount.

The evidence in no wise supports the contention of plaintiffs in error to the effect that they were acting in good faith, and had reasonable grounds to believe that they were entitled to hold over. And we think the pleadings sufficient as against the attack at this time. Plaintiffs in error, defendants below, interposed a demurrer to the petition, which was overruled. The petition clearly states a cause of action, hence good against a demurrer. The defects complained of could have been reached by motion to make more definite and certain, and the defects complained of not being called to the attention of the trial judge at the time of the trial, or prior thereto, we think objection, if good, comes too late. However, this court, in the case of Meyers v. White, 79 Okla. 257, 192 Pac. 801, in passing upon a petition containing a paragraph substantially the same as the one here complained of, held that it was sufficient. The pleading referred to is as follows:

"Plaintiffs in error further contend that at the termination of the aforesaid period of tenancy of defendants, said defendants failed and refused to redeliver the possession of the said premises to plaintiff, and have ever since said 17th day of May, 1908, wrongfully held and retained possession of said premises in violation of the rights of the plaintiffs herein."

Plaintiffs in error further contend that this case should be reversed on account of error committed by the court in his instructions to the jury, but we think, taking the instructions as a whole, that they correctly state the law and fairly submitted the issues.

The question of whether or not the plaintiffs in error, defendants below, willfully held over is, we think, a question of fact, and when submitted to a jury under proper instructions, the finding of the jury is con-

clusive, if based upon evidence reasonably tending to support the verdict. And where a tenant remains in possession, after the expiration of a written contract and refuses to vacate, it is clearly a willful holding over, unless he can show that he had some right, or at least some reason to believe that he was entitled to continue in possession. And in this case the plaintiffs in error, defendants below, clearly fail to establish any right or reason that would justify them in the belief that they were entitled to hold over.

Hence, we think that it is constituted a willful holding over, as the term "willful" is used in the Civil Code, and finding no substantial error, we recommend that the case be affirmed.

By the Court: It is so ordered.