**ROURKE & DUNN v. BOZARTH et al.**

No. 13584—Opinion Filed June 10, 1924.

Rehearing Denied Oct. 7, 1924.

1. **Forcible Entry and Detainer—Issue—Right of Possession.**

A forcible entry and detainer proceeding merely involves the trial of the right of possession of property between the parties.

2. **Judgment—Res Judicata—Possession of Property.**

Where the parties to the proceedings treat the property as being in the possession of the defendant, the latter cannot relitigate the question in an action on the appeal bond given in the prior proceedings by the defendant.

3. **Forcible Entry and Detainer — Conditions of Appeal Bond—Limiting Damages.**

The provisions of section 1019, Comp. Stat. 1921, fix the conditions of an appeal bond in a forcible entry and detainer proceeding and the extent of the liability thereon. The bond cannot be made to limit the amount of damages the owner may be entitled to recover by fixing a certain sum of money in the bond as the extent of the money obligation, unless the obligee consents and agrees to the limitation.

4. **Same—Breach of Bond—What Constitutes.**

The breach of an appeal bond in a forcible entry and detainer proceeding is not the wrongful possession of the property by the principal. It is the failure of the principal to make the required money payments as damages to the owner for the period of time the owner was deprived of the possession of the property, as required by the terms of the bond.

5. **Action—Nature of Action on Appeal Bond in Forcible Entry and Detainer.**

The action is on the bond and not on the wrongful possession of the property by the principal, and is an action ex contractu. The fact that a tort may be incidentally involved in the breach of the bond, does not change the action to that of tort.

6. **Bonds—Action by Assignee.**

The obligee may assign in writing the bond and the right of action accruing thereon, and the assignee is authorized to maintain an action on the bond in his own name.

7. **Landlord and Tenant—Subleases—Rights and Liabilities.**

The general rules of law relating to land-

lord and tenant apply as between a sublessor and sublessee, subject, however, to certain exceptions. The sublessor must attorn to his landlord and the sublessee must in turn attorn to the sublessor. If the right to sublease exists, this relation cannot be changed, except by consent and agreement among the parties.

**8. Set-Off and Counterclaim—Necessity for Pleading.**

Existing causes of action between parties are not defensive matters in an action arising between them, but are available, only, when properly pleaded as counterclaims or set-offs.

**9. Judgment Sustained.**

Record examined; held, to support judgment in favor of the plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by J. T. Hughes et al. on appeal bond in forcible entry and detainer proceedings against S. A. Rourke and A. Dunn. Judgment for plaintiffs. Defendants bring error. Affirmed.

Gasper Edwards, for plaintiff in error.

John W. Hayson appeared and argued cause orally for plaintiff in error.

Snyder, Owen & Lybrand, for defendants in error.

Opinion by STEPHENSON, C. Emily Culbertson commenced her action in the justice court against S. A. Rourke in forcible entry and detainer proceedings for possession of premises owned by the plaintiff and leased by the defendant. Judgment went for plaintiff for possession. The defendant S. A. Rourke, as principal, and A. Dunn, as surety, executed and filed appeal bond in the proceedings on appeal to the district court. In the district court judgment went for the plaintiff for possession. Thereupon the defendant perfected his appeal to the Supreme Court, where the cause was affirmed. Emily Culbertson. the obligee in the appeal bond, assigned the bond in writing to Hughes, Bozarth & Anderson. The assignees commenced this action on the appeal bond against the principal and surety. The defendant questioned the right of the plaintiffs to maintain their action on the bond and assignment, and the plaintiffs' caused Emily Culbertson to be made a party defendant in the cause. She admitted the assignment of the bond to the plaintiffs and her purpose to permit the plaintiffs to recover thereon, but in the event the

plaintiffs were not entitled to recover on the assignment and bond, that she be permitted to have judgment on the obligation against the defendants. In the course of the trial the court held that plaintiffs were entitled to recover on the assignment and bond. No cross-appeal has been filed on the judgment or ruling denying Emily Culbertson the right of recovery. In reciting the history of this case the plaintiffs in error say, in substance:

(a) S. A. Rourke was in possession of the premises as the tenant of Emily Culbertson for which the owner received judgment for the possession in forcible entry and detainer proceedings;

(b) That Hughes, Bozarth and Anderson, went into the possession of the premises under Rourke and occupied the same as the tenants of Rourke, and continued in the possession at all times during the forcible entry and detainer proceedings.

(c) During the latter part of the occupancy and during the forcible entry and detainer proceedings, held the premises by lease from Emily Culbertson.

The defendants claim this is an action in tort and was not assignable. The action is not based on the wrongful possession. The action is on the appeal bond, and the wrong alleged is the failure of the defendants to perform the final judgment of the district court, according to the terms of the bond. It may be that the breach of the bond is the result of a tortious act, but this does not make the suit on the bond an action in tort. Any action Emily Culberson might have had on the bond was ex contractu, and she had a right to assign the same. The assignees were authorized by law to maintain the action in their own names on the bond for its breach. Corpus Juris, vol. 1, page 1010, section 141; Green v. Conrad et al. (Mo.) 21 S. W. 839; State ex rel. Hinde v. U. S. Fid. & Gty. Co. (K. C. [Mo.] Ct. of App.) 115 S. W. 1081; State ex rel. Myers v. Mathieson (Springfield [Mo.] Ct. of App.) 232 S. W. 181; Craig v. Encey, 78 Ind. 141; Stuart v. Mills (St. Louis [Mo.] Ct. of App.) 79 S. W. 988.

Complaint is made as to the sufficiency of the appeal bond given in the forcible entry and detainer proceedings. Particular attention is called to the fact that the bond does not recite any given sum of money as fixing the bounds of plaintiff's recovery. The bond recites that S. A. Rourke, as principal, and A. Dunn, as surety, are bound to Emily Culbertson, for the performance of the conditions of the bond. The conditions of the bond are:

1st. That the principal should not commit waste on the premises.

2nd. Perform all parts of any judgment that may be returned against him in the appeal.

3rd. In case the judgment is given against him in the district court, he will pay double rents or double the use and occupancy of said property from the date of the undertaking until the delivery of the said property to the obligee.

4th. All damages and costs that may be awarded against him.

This bond is given pursuant to section 1019, Comp. Stat. 1921. The parties could not determine the amount of plaintiff's damages at the time of the execution of the bond, as it was not known how long the litigation would continue. The conditions of the bond are within the provisions of section 1019, supra. Under the provisions of section 1019, the defendants could not limit plaintiff's right of recovery by fixing any certain sum of money in the bond as the extent of their liability, unless by consent and acceptance by the obligee. The defendants say they were entitled to show that the possession of the premises by the defendants during the forcible entry and detainer proceedings, if unlawful, was not wilful on their part. The defendants further say the plaintiffs' right to recover double the rental value does not attach until after the giving of notice to quit and deliver possession to the owner.

In making this offer, the defendants were seeking to govern the action by section 6005, Comp. Stat. 1921, as construed in Shield v. Mitchell, 92 Okla. 135, 218 Pac. 696. The latter section has no relation to the recovery on an appeal bond given in a forcible entry and detainer proceeding. The action applies where the tenant holds over and after notice to quit has been given to him by the owner. This section has no connection with the action now under consideration. The defendants below attempted to show in this action, their possession did not go to the entire of the premises involved in the forcible entry and detainer proceedings. This was an effort to relitigate the questions involved in the forcible entry and detainer proceedings. The defendants claim this right by the provisions of section 1050, Comp. Stat. 1921, in the following language:

"Judgments, either before a justice or in the district court in actions brought under this article (forcible entry and detainer proceedings), shall not be a bar to any other action brought by either party."

By the language of the section it is made to exclude from its scope a forcible entry and detainer action, once the subject-matter of a trial.

The only issue involved in the trial of a forcible entry and detainer action is the right of possession, Faust v. Fenton, 75 Okla. 68, 181 Pac. 940. The forcible entry and detainer proceeding in which this bond was given was against S. A. Rourke, and charged the latter with being in the wrongful possession of the entire premises. If the defendant was not in possession of the entire premises, such showing would have been a good defense to that extent in the prior proceeding. Whether the defendants were in the exclusive possession was an issue in the case. Both the plaintiff and defendant treated the exclusive possession as being in the defendant. It was further acknowledged to be true on the part of the defendant by giving the appeal bond whereby he willingly bound himself to answer to the plaintiff in damages for withholding the entire possession, if it were found to be wrongful. It is a well-settled principle of law that in a collateral proceeding issues of fact once tried between the parties, or which might have been presented for consideration in the trial, cannot again be called into question between and among the parties and their privies. Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854; McIntosh v. Holtgrove, 79 Okla. 63, 191 Pac. 739.

The defendants undertook to submit the following issues for trial by their second amended answer:

(1) The defendants denied that they had possession or wrongfully held possession of the premises.

These questions were disposed of in the prior proceedings.

(2) That the said plaintiffs themselves had possession of the premises during all of said times mentioned in the petition. The last allegation is made clear by certain proof offered by the defendants and rejected by the court, to wit:

"That Hughes-Bozarth and Anderson Co. were then occupying a portion of the building in question, as subtenants of the defendant S. A. Rourke, and that they without the knowledge or consent of the defendants, S. A. Rourke, leased the property from J. J. Culbertson" (an agent of Emily Culbertson).

The general rules of law applicable to landlord and tenant apply with equal force as between the sublessor and sublessee. Kanawah-Gouley Coal & Coke Co. v. C. C. Sharp

(W. Va.) 80 S. E. 781, 52 L. R. A. (N. S.) 968; 16 R. C. L. 875, section 380. There are certain exceptions to the general rule, however. This record does not call for their consideration. As there is privity of estate between the lessor and lessee after the subletting by the lessee, the latter continues liable to the landlord for the full amount of rent. The lessor is not bound to look to the sublessee for the rentals. Brosnan v. Kramer, 135 Cal. 36, 66 Pac. 979; Cuesta v. Goldsmith, 1 Ga. App. 48, 57 S. E. 983; Bless v. Jenkins, 129 Mo. 647, 31 S. W. 938. The sublessor will be liable to the landlord if his sublessee holds over after the term as fixed by the original lease. Kenyon v. Young, 48 Neb. 890, 67 N. W. 885; McGaff v. Schrimshire (Tex.) 115 S. W. 976; Agen v. Nelson, 51 Wash. 431, 98 Pac. 1115.

In order for the lessee to be relieved from his liability for the rent of the subtenant on the ground of substitution, there must be an express or implied agreement on the part of the landlord to accept the subtenant as his tenant in lieu of the lessee. Cuesta v. Goldsmith, supra. The mere fact of knowledge on the part of the lessor that the lessee has sold out his business and delivered possession to the subtenant is not sufficient to work a substitution. Schachter v. Tuggle, 8 Ga. App. 561, 70 S. E. 93. Nor is the lessee relieved from his liability to pay rent to the lessor by subletting the premises, even though the lease contained a covenant permitting him to sublet, and providing for the subtenants to pay the rents direct to the lessor. Pressler v. Barreda (Tex.) 157 S. W. 435. However, if at or near the termination of the lease, both the lessee and the sublessee should apply to the owner or his agent to rent separate portions of the premises, or the part previously occupied by the parties, and such agent or owner receives and receipts the parties for their portions of the rent, an agreement to release the tenant will be implied by such action. Waters v. Banks, 10 Mart. (La.) 94. Under the proof offered the status of sublessor and sublessee is fixed between the parties to this action. The original liability was to Emily Culbertson, and by its assignment the plaintiffs stand in the place of the assignor. The mere allegation that plaintiffs had possession of the premises during all the times mentioned in plaintiffs petition is consistent with their status as sublessee, and constitutes no defense against their right to recover on the bond. Under the proof offered and rejected. Rourke was bound to attorn to Emily Culbertson, and the plaintiffs in turn were bound to attorn to Rourke. Their status could not be changed so as to be binding among and between the parties except by consent and agreement among all the parties. If the plaintiffs had failed to pay rentals to Rourke, they would have been liable to him on cross-action for set-off. There is no claim made for a set-off by the defendants against these plaintiffs.

4. The defendants further alleged they were wrongfully evicted from the premises by the plaintiffs and for this reason they are not liable to the plaintiffs. If this be true, it is a proper subject for set-off against the plaintiff's claim, and by the provisions of section 6006, Comp. Stat. 1921, the defendants would have been entitled to recover as damages against them for the wrong, three times such sum as would be required to compensate for the detriment resulting from the eviction. But no such relief is prayed for, nor are the allegations of the answer sufficient to support a set-off. The forcible entry and detainer proceeding between Rourke and Emily Culbertson was before this court on appeal styled as Rourke v. Culbertson, reported in 78 Okla. 185, 189 Pac. 533. In the course of the opinion it was said that the following colloquy occurred between the court and Mr. Edwards, as counsel for plaintiff in error, and who is also counsel for plaintiff in error in the instant case:

"The Court. Seeking to show a verbal lease after the expiration of the written lease? Mr. Edwards. Seek to show a verbal lease after the first day of April. after the termination of this lease. I am seeking to show a new lease. The Court. That was made when; before the expiration? Mr. Edwards. It was made before the expiration of the present lease and after the issuing of that notice. That notice was issued during the life of the present lease, and after that was made, written and delivered to him, I am seeking to show what was said after that, to show a new verbal lease."

The question of the entire possession of the premises was drawn into issue in Rourke v. Culbertson, supra, and litigated by the claim of the plaintiff in error that he was in the entire possession. In this appeal it is now claimed the possession was partial. As it is said in this appeal that the possession was partial at all times during the forcible entry and detainer proceedings, the defendants, at least, were cognizant of the plaintiffs failure to pay rentals. This should have served the purpose of bringing to the attention of the defendants in the first case the question now raised, or caused them to make the claim, the basis for counter action in this case. If there were merit to the contention of the defendants, as to the alleged errors, we are precluded from

considering the same on account of the issues not being joined thereon in the trial court. Complaint is made that the verdict of the jury is excessive. There is ample proof to support the verdict of the jury. The issue in this cause was submitted to the jury under proper instruction. If there is any testimony reasonably tending to support the verdict of the jury, it will not be set aside on appeal to this court. Hughes v. Senter, 88 Okla. 191, 212 Pac. 311; Town of Wetumka v. Burke, 88 Okla. 186, 211 Pac. 522; Melton v. Hunnicutt, 89 Okla. 91, 213 Pac. 879.

It is recommended that this cause be affirmed.

By the Court: It is so ordered.