BUSH et al v. GHOLSON et al.   (No. 1735.)

(Court of Civil Appeals of Texas.   El Paso. April 30, 1925.   Rehearing Denied June 4, 1925.)

1. Assignments ⊕⇒58—Order for sum due under contract held not "bill of exchange," but subject to equitable assignment without acceptance by person in charge of fund on which drawn.

Order assigning part of sum due under painting contract *held* not "bill of exchange" within Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, §§ 6001–1 to 6001–197), but subject to equitable assignment without acceptance by person in charge of potential fund on which drawn.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Exchange.]

2. Principal and agent ⊕⇒105(2)—Agency of defendant for codefendants, in action on order assigning sum due under contract with agent, held established.

In action on order assigning part of sum due under painting contract, uncontradicted facts *held* to show that defendant, with whom contract was made, was agent of codefendants as respects payment thereunder.

3. Assignments ⊕⇒131—Petition held not subject to general demurrer for failure to allege consideration for principals' acceptance of order assigning interest in contract with agent.

Petition alleging that defendant, as agent of codefendants, executed contract obligating latter to pay plaintiff's assignor more than $200 for painting certain houses, and that, in consideration of such sum, assignor assigned $200 interest in contract, and authorized defendants to pay amount stated to plaintiff, *held* not subject to general demurrer for failure to allege any consideration for acceptance of order by codefendants.

4. Assignments ⊕⇒138—Instructed verdict against principals in assignee's action on order assigning interest in contract executed by agent held proper.

There being no conflict in evidence as to execution of painting contract by agent and assignment of contractor's interest therein for a consideration, notice of such assignment by agent to principals, and latter's failure to pay assignee sum called for, court properly instructed verdict against principals in assignee's action on such order.

Appeal from Haskell County Court; R. E. Lee, Judge.

Action by J. W. Gholson against T. F. Bush and others. From a judgment against defendants Bush, they appeal. Affirmed.

Ratliff & Ratliff, of Haskell, for appellants. A. J. Smith, of Haskell, for appellees.

PELPHREY, C. J.  This was a suit instituted in the county court of Haskell county, Tex., by appellee, J. W. Gholson, against Herbert Bowden, one of the defendants; the cause of action against Bowden being upon a verified open account for groceries and cash furnished in the sum of $272.66. The other defendants in the case were J. M. Craft, who was alleged to be the agent, servant, and employee of the defendants Mary A. Bush, and T. F. Bush, appellants herein. The cause of action against Craft, Mary A. Bush, and T. F. Bush being upon a written order, in which the defendant Bowden assigned to appellee J. W. Gholson $200 out of a certain contract entered into between defendant Craft as the agent of Mary A. Bush, T. F. Bush, and Bowden, for the painting by the said Bowden of certain houses on the ranch of the appellants Mary A. Bush and T. F. Bush, located in Knox county, Tex.

The case was tried before a jury, but upon the completion of the testimony the court peremptorily instructed the jury to find a verdict in favor of the defendant Craft, but to find a verdict against the appellants Mary A. Bush and T. F. Bush for the sum of $200 with interest thereon from September 1, 1922, and all costs of the court. Judgment was rendered against the defendant Bowden by default for the sum of $290.51. From the judgment against them the appellants Mary A. Bush and T. F. Bush have prosecuted this appeal.

In their second assignment appellants assign as error the failure of the court to peremptorily instruct the jury to return a verdict in their favor and contend that the undisputed testimony shows that the order in question was never accepted by the defendant J. M. Craft in writing or otherwise, and that the acts done by the defendant J. M. Craft were done by him without the real or apparent scope of his authority, as the employee of the appellants, and without their knowledge or consent, and that said acts had not been ratified or confirmed by them.

[1] The contention of appellants that the order was in effect a bill of exchange we do not think to be tenable, for the reason that in our opinion the order was not unconditional, in that it was drawn upon a particular fund, and was not payable on demand or at a fixed or determinable time, and therefore did not come within the provisions of the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001–1 to 6001–197).

The court did not err in his refusal to give the requested instruction. The order, being

drawn on a fund having a potential existence, was subject to an equitable assignment, and acceptance by the person having the fund in charge was not necessary. Beaumont Lumber Co. v. Moore (Tex. Civ. App.) 41 S. W. 180; King et al. v. Hardin Lumber Co. (Tex. Civ. App.) 187 S. W. 401; Youngberg v. El Paso Brick Co. et al. (Tex. Civ. App.) 155 S. W. 715.

[2] And we think that the evidence shows that the acts done by the defendant Craft were done within the apparent scope of his authority as the employee of the appellants.

The evidence of the defendant Craft shows that he, in pursuance to instructions from Mrs. Bush, who was in Waco, asked for bids for the painting of 11 houses and a barn roof on the ranch of appellants; that he forwarded Bowden's bid to Mrs. Bush, and she, through defendant Craft, instructed Bowden to proceed with the work; that the money to pay for the said work was sent by appellants to the bank at Knox City, and defendant Craft drew a check on said fund in payment of the work. From these facts, and they are uncontradicted, we must conclude that defendant Craft was the agent of appellants in so far as the payment under the painting contract was concerned.

[3] In their first assignment appellants contend that the court erred in overruling their general demurrer, claiming that appellees' petition was subject to general demurrer for failure to allege any consideration for the acceptance by the appellants of the order. Appellants cite in support of their contention Summers et al. v. Sanders (Tex. Civ. App.) 28 S. W. 1038, but we are of the opinion that this case presents a different state of facts from that in the Summers case. In that case there was no allegation of any indebtedness on the part of Summers & Bros. to Sutton, the drawer of the order; while in the present case we find in the petition of appellee, paragraph 3, an allegation that defendant Craft, as the servant, agent, and employee of appellants Mary A. Bush and T. F. Bush had, on or about the 1st day of September, 1922, entered into a contract with Bowden for the painting of certain houses on the ranch of appellants, and that thereby appellants had become obligated to pay to said Bowden a sum greater than $200. In paragraph 4 appellee further alleges that for the consideration of $200 Bowden assigned to him a $200 interest in and to said contract, and authorized defendants to pay said amount to plaintiff and charge same to his account. We think the pleading was sufficient and the action of the court correct.

[4] In their third, fourth, and fifth assignments appellants complain of the action of the trial court in peremptorily instructing a verdict against appellants, for the following reasons: That from the testimony before the jury there was room for ordinary minds to differ as to the conclusion to be drawn from it, there being no evidence of the acceptance of said order by defendant Craft, and that his actions were without the apparent scope of his employment, and were done without their knowledge or consent, and had not been ratified or confirmed by them; that Bowden had repudiated and canceled the assignment subsequent to the giving thereof; that, while the testimony of Gholson was uncontradicted by any other testimony in the case, it was not necessarily binding upon the jury, and the case should have been submitted to them for their decision.

There being no conflict in the evidence as far as the execution of the contract between appellants and Bowden, the execution of the assignment by Bowden of a $200 interest in and to said contract, for a consideration, notice of said assignment by defendant Craft, and the failure afterwards of appellants to pay appellee the sum called for in said assignment, we fail to see any defense established by the evidence, and think the action of the court was correct in instructing a verdict. Pressler v. Barreda (Tex. Civ. App.) 157 S. W. 435.

There being no error, the judgment is affirmed.